### COMMONWEALTH *vs.* RUSS G. MELVILLE.

Suffolk.   November 27, 1893. — January 3, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Unrepealed Statute — Motion in Arrest of Judgment — Motion to Quash.*

Section 9 of St. 1885, c. 313, establishing a board of registration in pharmacy, is not repealed by St. 1887, c. 267, which repeals § 3 of the former act.

An appeal lies from a judgment overruling a motion in arrest of judgment before final judgment.   Such an appeal brings up only the questions of law raised by the motion, and does not open other questions raised by a motion to quash not appealed from.

COMPLAINT, to the Municipal Court of the City of Boston, alleging that the defendant retailed, compounded for sale, and dispensed for medicinal purposes drugs, etc., not being registered as a pharmacist according to law.

The defendant moved to quash the complaint for alleged formal defects apparent on the face of the record. The motion was overruled; and the defendant appealed to the Superior Court.

The record recited that, the complaint having been duly entered in the Superior Court, the defendant was defaulted; that he made an oral motion to take off the default, which was disallowed; that he thereupon renewed the motion to quash that was filed in the Municipal Court, and also filed a motion in arrest of judgment, which motion in arrest, after a hearing, was overruled by *Bond,* J., and the defendant appealed to this court.

*P. J. Casey,* for the defendant.

*F. E. Hurd,* First Assistant District Attorney, for the Commonwealth.

HOLMES, J. By St. 1885, c. 313, a board of registration in pharmacy was established, and it was provided by § 3 how existing dealers should be registered. Other persons might be examined, and might be registered as pharmacists if found qualified. § 4. By § 9, " whoever, not being registered as aforesaid, shall . . . retail, compound for sale, or dispense for medicinal purposes, drugs, medicines, chemicals, or poisons, shall be punished by a fine not exceeding fifty dollars." After existing dealers had been given an opportunity to be registered as such for about two years, the right was withdrawn by St. 1887, c. 267, repealing § 3, but saving the rights of persons already registered. Thereafter it was necessary to be examined under § 4 in order to obtain a certificate. The only defence on the merits in the present case is that, since the repeal of § 3, § 9 has been emptied of its meaning. But it hardly needs argument to show the unsoundness of the suggestion. Although § 3 is repealed, it is not obliterated as a document, and when referred to by § 4, or needed to complete the full meaning of § 9, it still may be read. Of course, as time goes on, the words " not being registered as aforesaid " will have more and more exclusive reference to § 4, although § 3 still may

be needed to complete the sense.  *Commonwealth* v. *Kendall,* 144 Mass. 357, 359.

We have preferred to express an opinion upon the merits of the case, notwithstanding the provision of Pub. Sts. c. 214, § 27, that "no motion in arrest of judgment shall be allowed for a cause existing before verdict, unless the same affects the jurisdiction of the court." We agree that the words "before verdict" are not to be taken with literal exactness. *Commonwealth* v. *Chiovaro,* 129 Mass. 489, 498. But it might be argued that if the repeal of § 3 in effect has repealed § 9 of St. 1885, c. 313, the jurisdiction of the Municipal and Superior Courts, in one sense of that variously used word, has been taken away, and we have given the defendant the benefit of the doubt, without deciding the question. *Commonwealth* v. *Le Clair,* 147 Mass. 539, 540.

The defendant seeks to have us consider a motion to quash for alleged formal defects apparent on the face of the record, which was seasonably made in the Municipal Court, and renewed in the Superior Court after default there. But the defendant acquiesced in the judgment of the Superior Court, (based on Pub. Sts. c. 214, § 25 ; *Commonwealth* v. *Chiovaro,* 129 Mass. 489,) and although there is no doubt that his appeal from the judgment against him upon his motion in arrest of judgment is properly here, (*Commonwealth* v. *McCormack,* 126 Mass. 258 ; *Commonwealth* v. *Dunleay,* 157 Mass. 386 ; Pub. Sts. c. 152, § 10 ; St. 1891, c. 362,) it only brings up the questions of law raised by the latter motion.

*Judgment affirmed.*