7092

LYLES v. McCOWN, SECRETARY OF STATE.

1. INCORPORATION OF RAILROADS.—The owners or projectors of a railroad company, already incorporated in another State, in order to extend its road into this State must become incorporated here, and for that purpose must open books of subscription in this State, obtain subscriptions to the amount of five hundred dollars per mile, elect officers and take the other steps for incorporation set out in sections 1918-1921, of Code of 1902.

   *State* v. *Tompkins,* 48 S. C., 49, *distinguished from this.*

2. IBID.—CORPORATIONS—STATUTES—FEES.—The General Assembly may fix the fees which a corporation must pay for a charter by reference to and the adoption of the terms of a repealed statute which for that purpose is thereby reenacted.

Petition in the original jurisdiction of this Court by Wm. H. Lyles and Archer A. Phlegar for writ of mandamus against R. M. McCown, Secretary of State.

*Messrs. Lyles & Lyles,* for petitioners.

*Attorney-General J. Fraser Lyon,* contra.

January 16, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The petitioners, William H. Lyles and Archer A. Phlegar, have applied to this Court for a writ of mandamus to require Honorable R. M. McCown, Secretary of State, to issue to them a charter of incorporation for the Carolina, Clinchfield and Ohio Railway Company as a corporation of the State of South Caro-

lina. This company, as is represented in the petition, is a corporation duly organized under the laws of the State of Virginia, has built and now owns a line of railway running partly through the States of Tennessee, Virginia, and North Carolina, and "desires to build and operate a line of railway into the State of South Carolina, and to own said railway, and to carry on business and to exercise all corporate franchises in this State." It is further alleged in the petition "that the owners and stockholders of said railroad company so created and organized under and by virtue of the laws of the State of Virginia, at a meeting duly held, did designate and appoint your petitioners, William H. Lyles and Archer A. Phlegar, and George L. Carter, for the purpose of applying for a charter and becoming incorporated as a corporation of this State, under and by virtue of the authority conferred by the Act of the Legislature, of this State, approved the twenty-fifth day of February, A. D. 1902." The compliance by the petitioners as proposed corporators with all the requirements of the statute law of this State necessary to incorporation of the Carolina, Clinchfield and Ohio Railway Company is alleged and the steps taken are set out in detail.

The respondent has demurred to the petition on the grounds that the petition does not state facts sufficient to constitute a cause of action in that: (a) "no books of subscription have been opened and nothing whatever has been subscribed, paid into, or secured to the said proposed corporation as its capital stock as required by Chapter XLVIII, Article IV, sections 1918, 1919, 1920, 1921, Code of Laws, 1902, Volume I. (b) That petitioners have not tendered your respondent a sufficient sum of money to pay the charges prescribed by law for issuing the said charter; the said charges being prescribed by section 1888, Code of Laws, 1902, Volume I; the amount required under said section being the sum of seven thousand eight hundred ($7,800.00) dollars, and the petitioners have tendered only

the sum of three thousand ($3,000.00) dollars in payment thereof."

The question arising under the first ground of demurrer, then, is whether the owners or projectors of a railroad who have already obtained a charter in another State, and who desire to extend their railroad into this State, must, as a condition of incorporation in this State, open here books of subscription, take subscriptions to the amount of five hundred dollars per mile, elect officers and take the other steps for incorporation set out in sections 1918-1921 of Civil Code as conditions to the issuance of the charter by the Secretary of State. The petitioners insist the constitutional provision and the statutes passed in pursuance of it contemplate recognition of the organization by subscription of stock, payment of stock, election of officers and other steps in the organization already taken under a charter obtained from another State. We can find nothing in the Constitution or the statutes to sustain this position. On the contrary, the Constitution, Article IX, section 8, expressly forbids the General Assembly to license any foreign corporation or association to build, operate or lease any railroad in this State; and requires full incorporation in this State of a railroad to be built or operated partly in this State. The Act of 25th February, 1902, 23 Stat., 1053, provides the method in which such incorporation and charter is to be secured in this State by the owners and stockholders of a railroad organized under and by virtue of any other State or government; and requires all the steps to be taken provided by the Act of 28th February, 1899, 23 Stat., 64, now incorporated in Civil Code, section 1917, *et sequitur.*

Among the steps so required is the opening of books of subscription, the taking of subscriptions to the amount of at least five hundred dollars per mile and the organization of the company by election of officers. These steps are not required or authorized under a commission or charter

9—82

received from another State, but under the commission which the Secretary of State is required by section 1918 of the Civil Code of South Carolina to issue to the board of corporators. The requirements of the statute are plain, and the Secretary of State cannot dispense with them. It is hardly necessary to say that the case of the *State* v. *Tomkins,* 48 S. C., 49, 25 S. E., 982, holding constitutional the Act of 1896, providing for the domestication of foreign railroad corporations by the filing of an authenticated copy of the charter, has no application, for the reason that the Act of 1896 has been supplanted by the Act of 25th February, 1902. The first ground of demurrer is sustained.

As to the amount of fees to be paid for the charter, the petitioners tendered the amount provided for by the Act of 28th February, 1899, 23 Stat., 67, aggregating three thousand dollars; but the Secretary of State demanded payment of fees for the charter, amounting to seven thousand eight hundred dollars, in accordance with the Act of 20th February, 1901, incorporated in Civil Code, section 1888. The view of the Secretary would be correct but for the fact that the Act of 25th February, 1902, 23 Stat., 1053, which was passed subsequent to the adoption of the Civil Code, requires, in section 4, that a railroad applying for a charter shall pay the fees required by the Act of 28th February, 1899. Notwithstanding the repeal of this Act of 1899, there can be no doubt of the right of the General Assembly to fix the fees of incorporation by referring to the provisions of a repealed statute. To the extent that the General Assembly in any Act refers to the provisions of a repealed statute and adopts them, the repealed statute is re-enacted, and to that extent is as much the law as if its provisions were fully set out in the new statute. *Houston T. G. Ry. Co.* v. *State* (Tex.), 39 S. W., 390; *Chenango B. Co.* v. *Binghampton B. Co.,* 3 Wall, 51, 18 L. Ed. 137; *Flanders* v. *Merrimack,* 48 Wis., 567; *S. Valley W. W.* v.

*San Francisco,* 82 Cal., 286; *Jones et al.* v. *Dexter,* 8 Fla., 276; *In re Wood's Est.,* 31 Ch. D., 607; *Waterworks* v. *Longshaw,* 9 Q. B. D., 145; *Nunes* v. *Wellisch,* 12 Bush. (Ky.), 363; *Commonwealth* v. *Melville,* 160 Mass., 307; *Wright et al.* v. *Overstreet et al.,* 122 Ga., 633; *City of N. Y.* v. *Knickerbocker T. Co.,* 104 App. Div., 223; *Gorham Mfg. Co.,* v. *R. R. Co.,* 27 R. I., 35. The result is that the second ground of demurrer must be overruled.

The first ground of respondent's demurrer having been sustained, the judgment of this Court is that the petition be dismissed.