21972

Patricia WASHINGTON, By and Through her Mother and Next Friend, Rosa Lee WASHINGTON, Individually and in behalf of all others similarly situated, and Robert Blake, by and through his Mother and Next Friend, Sadie Bell Blake, Individually and in behalf of all others similarly situated, Respondents, v. Robert G. SALISBURY, in his official capacity as Superintendent of the Beaufort County Schools; Maurice Waddell, in his official capacity as Principal of Beaufort High School; James Rogers, in his official capacity as Principal of Battery Creek High School; and Ramon Combs, Jr., Curt Copeland, Dorothy P. Gnann, Joseph List, John T. Miller, Frieda Mitchell, John C. Rogers, Lee Shaffer and Agnes Sherman, in their official capacities as members of the Board of Education of the Beaufort County School District, Appellants.

(306 S. E. (2d) 600)

*Levin, Sams & Davis,* Beaufort, *for appellants.*

*Richard J. Whitaker, Neighborhood Legal Assistance Program, Inc.,* Beaufort, *for respondents.*

*J. Emory Smith, Jr.,* Columbia, *amicus curiae.*

Aug. 10, 1983.

LEWIS, Chief Justice:

The question for decision is whether the charge of a tuition fee for attendance at a public summer school session in Beaufort County, South Carolina, violates either the South Carolina Constitutional mandate for a system of free public schools, or the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

A summer school program is offered in Beaufort County, South Carolina, during the months when the regular school term is not in session. While summer school attendance is voluntary, the payment of a tuition fee of $80.00 per course taken is required before students may receive credit for grades earned. Plaintiffs brought this action to contest the imposition of a tuition charge, alleging that such fee violated provisions of both the South Carolina and United States Constitutions. The trial court accepted these contentions as they related to the South Carolina Constitution and entered an order enjoining collection of the tuition fee. The defendants (school officials) have appealed. We reverse and enter judgment for appellants.

Article XI, Section 3, South Carolina Constitution directs that: "The General Assembly shall provide for the maintenance and support of a system of free public schools open to all children in the State . . . ." The plain language of this constitutional provision places the responsibility for free public education with the General Assembly and requires that such free public schools shall be open to all children in the State. In carrying out this responsibility, the General Assembly has reasonably provided a public school term each year of 185 days and has so limited State aid for teacher salaries. Sections 59-1-200, 59-1-420 (Supp.) and 59-21-20, South Carolina Code of Laws, 1976.

A search of the South Carolina School Code (Title 59 of the South Carolina Code of Laws, 1976) reveals no provision or requirement for summer school. The summer session in Beaufort County was operated in addition to the mandated 185 day school term and received no direct State aid. It is evident that the summer school was not a part of the free public school system required by the State Constitution; therefore, there was no duty on appellants to make it available to all children, free of charge. We conclude that respondents have failed to show any entitlement to free summer school under the South Carolina Constitution.

As additional sustaining grounds, respondents urge that imposition of summer school tuition fees is a practice at odds with the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. These contentions merit but brief consid-

eration. The record abundantly supports the rational basis for appellants' tuition fee. Lacking any alternative source of funding, the Beaufort County summer school program can only be supported by contributions from participants. A court is not entitled to further scrutinize such reasonable measures unless some "fundamental right" is implicated, for due process purposes, or a "suspect classification" appears, for purposes of equal protection. Both avenues of inquiry are foreclosed by *San Antonio Independent School District v. Rodriquez*, 411 U. S. 1, 17-19, 93 S. Ct. 1278, 1288-1289, 36 L. Ed. (2d) 16. In that case the United States Supreme Court held that education was not a right guaranteed by the Federal Constitution and that wealth was not a suspect classification, particularly in this setting. 411 U. S. at 25, 29 and 36, 93 S. Ct. at 1292, 1294 and 1298, 36 L. Ed. (2d) at 37, 40 and 44. We find no basis upon which to conclude that summer school tuition violates either the South Carolina or United States Constitutions. The judgment of the trial court is reversed and judgment entered for the appellants.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.