288 S.C. 318 (1986)
342 S.E.2d 594
Ann HASELL, Appellant
v.
The MEDICAL SOCIETY OF SOUTH CAROLINA, INC., a South Carolina Corporation, d/b/a Roper Hospital, Respondent.
22517
Supreme Court of South Carolina.
Heard February 13, 1986.
Decided March 31, 1986.
*319 Edward D. Buckley, of Bailey & Buckley, Charleston, for appellant.
Robert H. Hood, of Robert H. Hood & Associates, Charleston, for respondent.
Heard Feb. 13, 1986.
Decided March 31, 1986.
FINNEY, Justice:
Appellant, Ann Hasell, instituted this medical malpractice action against the respondent, Roper Hospital,[1] alleging that her hip fracture was aggravated by treatment she received on January 26, 1982. Appellant sued for actual and punitive damages in the total amount of seven hundred fifty thousand ($750,000.00) dollars.
The trial judge, over objection of appellant's counsel, sustained respondent's motion to strike all allegations seeking punitive damages and to limit all claims for actual damages to the sum of one hundred thousand ($100,000.00) dollars, relying on Section 44-7-50 S.C. Code Ann. (1976 as amended). We reverse and remand.
Appellant alleges that the trial court's reliance upon Section 44-7-50 is misplaced and erroneous for the following reasons:
1. That Section 44-7-50 was overruled by a decision of this Court; or
2. That Section 44-7-50 unconstitutionally denies appellant equal protection of the law, in violation of the Fourteenth Amendment to the United States Constitution and Article 1, Section 3, of the South Carolina

*320 Constitution; or
3. That Section 44-7-50 does not eliminate the right to seek punitive damages in actions against charitable entities.
In order to resolve this controversy, this Court is required to re-visit the antiquated doctrine of charitable immunity. Historically, charitable institutions were immune from liability for tortious conduct, Lindler v. Columbia Hospital, 98 S.C. 25, 81 S.E. 512 (1914). The modern trend toward abolishment of the doctrine of charitable immunity was recognized by this Court in Jeffcoat v. Caine, 262 S.C. 75, 198 S.E. (2d) 258 (1973), which held charitable institutions were responsible for their intentional acts. [Emphasis supplied.]
The Court continued this trend toward recognition of the inequity and injustice of allowing a charitable institution to escape liability for its wrongful acts in Brown v. Anderson County Hospital Association, 268 S.C. 479, 234 S.E. (2d) 873 (1977), decided May 10, 1977, in which the Court held that charitable hospitals are not entitled to immunity from recovery for tortious acts which are heedless and reckless. The Court's change in position was partly based on the belief that "[t]he rule of [charitable] immunity is out of step with the general trend of legislative and judicial policy in distributing losses incurred by individuals through the operation of an enterprise among all who benefit by it rather than in leaving them wholly to be borne by those who sustain them ...," citing President and Directors of Georgetown College v. Hughes, 76 U.S. App. D.C. 123, 130 F. (2d) 810 (1942).
One month after the Brown decision, the South Carolina General Assembly enacted Section 44-7-50 (effective June 10, 1977), which reads in pertinent part: "... [A]ny person sustaining an injury or dying by reason of the tortious act of commission or omission ... of a charitable hospital or medical facility ... may recover in an action brought against such hospital ... such actual damages as he may sustain a sum not exceeding one hundred thousand ($100,000.00) dollars...."
On August 31, 1981, approximately five months before the alleged malpractice in this case, this Court completely abolished the doctrine of charitable immunity in its landmark *321 decision Fitzer v. Greater Greenville, South Carolina, Young Men's Christian Association, 277 S.C. 1, 282 S.E. (2d) 230 (1981). The Court reasoned that charitable immunity no longer serves a legitimate purpose and that we should not adhere to stare decisis when error and injustice would be perpetuated.
The respondent contends that Section 44-7-50 was not overruled by Fitzer, supra, alleging that this statute simply codified and placed limitations on charitable immunity, which had been recognized and established in Brown. We disagree. Although Fitzer did not, by express terms or by specific reference, overrule Section 44-7-50, the Court by clear implication overruled this section and, in effect, overruled prior case and statutory law contrary to its holding. Fitzer rendered charities of all kinds subject to suit to the same extent as all other persons, firms and corporations, allowing recovery of both actual and punitive damages.
Respondent, likewise, contends that Section 33-55-210, et seq., enacted by the legislature in 1984, is an additional basis for this Court to hold that Section 44-7-50 was not overruled by Fitzer. It is obvious that a statute enacted two years after the injury cannot be used to deny appellant rights which she enjoyed at the time of the injury.
We do not by this decision indicate, by implication or otherwise, any view as to the constitutionality of Section 33-55-210 because that issue is not properly before this Court. Based upon our very narrow decision in this case, we do not find it necessary to reach the constitutional questions raised by the appellant.
We reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
NESS, C.J., and GREGORY, HARWELL and CHANDLER, JJ., concur.
NOTES
[1] Roper Hospital is a charitable hospital operated by the Medical Society of South Carolina.