22611

Pete PHILLIPS, Administrator of the Estate of Virginia Deborah Lavone Phillips, deceased, Appellant v. OCONEE MEMORIAL HOSPITAL, INC. and the School District of Oconee County, South Carolina, Defendants, of which Oconee Memorial Hospital, Inc. is Respondent.

(348 S. E. (2d) 836)

Supreme Court

*Michael D. Glenn,* Anderson, *for appellant.*

*Alexander S. Macaulay,* Walhalla, *for respondent.*

*David T. Duff,* Columbia, *for School Dist. of Oconee County.*

Sept. 22, 1986.

*Per Curiam:*

This is an appeal from an order of the trial judge striking allegations of recklessness and wilfullness from the complaint, striking the request for punitive damages, and reducing the prayer to $100,000. We reverse.

This is an action for negligence against Oconee Memorial Hospital, a charitable hospital. Appellant Pete Phillips is the father and administrator of the estate of a fourteen-year old girl who died from meningitis. Decedent was a high school classmate of one Mark Lowie, who was admitted to Oconee Memorial Hospital and diagnosed as suffering from meningitis. The hospital apparently made no effort to notify persons who had been in contact with Mark Lowie of the diagnosis or the highly contagious nature of the disease.

When decedent became ill, her parents believed she was suffering only flu symptoms and did not seek medical treatment. When she died, an autopsy revealed she died from meningitis.

Phillips brought this wrongful death action against the hospital, seeking actual and punitive damages. The hospital raised charitable immunity as a defense and moved to strike punitive damages and to reduce the prayer to $100,000, relying upon S. C. Code Ann. Section 44-7-50 (1976). The motion was granted.

Phillips argues this Court's decision in *Fitzer v. Greater Greenville, South Carolina, YMCA,* 277 S. C. 1, 282 S. E. (2d) 230 (1981) abolishing charitable immunity eliminated the restrictions on the doctrine set forth in Section 44-7-50. We agree. *Hasell v. Medical Society of South Carolina, Inc.,* 288 S. C. 318, 342 S. E. (2d) 594 (1986). Therefore, the trial judge's ruling was error.

The decision of the trial judge is reversed, and the case is remanded for proceedings consistent with our decision in *Hasell, supra.*

Reversed and remanded.