23620

Edith B. HANVEY, Respondent v. OCONEE MEMORIAL HOSPITAL, M.
Bearden, R.N., and M. Hawkins, Appellants.

(416 S.E. (2d) 623)

Supreme Court

2

Alexander S. Macaulay*, Walhalla, *for appellants.*

*William H. Ehlies,* Greenville, *for respondent.*

Submitted Dec. 6, 1991; Decided Apr. 6, 1992.

Reh. Den. May 6, 1992.

CHANDLER, Justice:

In this medical malpractice action, Appellants Oconee Memorial Hospital, M. Bearden, and M. Hawkins (collectively, Oconee) moved for partial summary judgment, alleging that S.C. Code Ann. § 44-7-50 (1977) limits their liability to $100,000. From an Order of the Circuit Court holding that, pursuant to § 33-55-210 (1984), their maximum liability is $200,000, they appeal.

We affirm.

## FACTS

Respondent Edith Hanvey (Hanvey) was admitted to Oconee in February, 1989, for replacement of her right hip prosthesis. The surgery was performed but, on the day prior to her release, the replaced prosthesis became dislocated, allegedly due to improper turning by a nurse, either Appellant Bearden or Hawkins. As a result of the dislocation, Hanvey was required to undergo a second prosthesis replacement, from which she suffered complications.

Hanvey instituted this action against Oconee, a charitable hospital, and its employees, Bearden and Hawkins, seeking ac-

tual damages not to exceed $200,000, pursuant to § 33-55-210,[1] and seeking punitive damages against the employees. Oconee moved for partial summary judgment, alleging maximum liability of $100,000, pursuant to S.C. Code Ann. § 44-7-50 (1976);[2] it further alleged that its employees were not individually liable under § 44-7-50. Circuit Court denied Oconee's motion, holding that the controlling statute is § 33-55-210.

## ISSUE

The sole issue is which statute, § 44-7-50 or § 33-55-210, should be applied in determining Oconee's maximum liability for damages?

## DISCUSSION

■ It is essential to an understanding of this litigation that we review the somewhat convoluted history of statutory and case law governing charitable immunity. The doctrine of charitable immunity of hospitals was first modified in the 1977 case of *Brown v. Anderson County Hospital Association.*[3] There, it was held that such hospitals are liable for the tortious acts of employees, upon a showing of heedless, reckless conduct.

One month after *Brown,* the General Assembly enacted S.C. Code § 44-7-50, which abrogated charitable immunity as applied to charitable and governmental hospitals; however, it limited recovery to $100,000 actual damages, and barred suits against hospital employees.

In 1981, this Court abolished charitable immunity in toto, rendering *all* charitable institutions liable for tortious conduct to the same extent as any other person or corporation. *Fitzer v. Greater Greenville YMCA,* 277 S.C. 1, 282 S.E. (2d) 230 (1981).

In 1984, responding to *Fitzer,* the General Assembly enacted §§ 33-55-200 through 33-55-230. Section 33-55-210 limits

---

[1] This section limits the liability of any charitable organization to $200,000, and allows for recovery against the organization's employees for reckless, willful or grossly negligent conduct.

[2] Under this section, the liability of charitable hospitals is limited to $100,000, and judgment pursuant to the statute bars recovery against the hospital's employees.

[3] 268 S.C. 479, 234 S.E. (2d) 873 (1977).

the liability of *any* charitable organization to $200,000, and allows judgment against its employees for reckless, willful or grossly negligent conduct. However, in § 33-55-230 the General Assembly, by re-enactment, retained the $100,000 limit of liability for charitable and governmental hospitals, providing:

> The provisions of §§ 33-55-200 through 33-55-230 are *supplemental and in addition to* the provisions of Section 3 of Act 182 of 1977 (44-7-50) and *shall not be deemed to have repealed or otherwise modified that provision of law.* (Emphasis and italics supplied.)

Approximately two years after enactment of these statutes, we decided *Hassel v. Medical Society of South Carolina, Inc.*, 288 S.C. 318, 342 S.E. (2d) 594 (1986). In *Hassel*, we were called upon to determine the extent of liability of a charitable hospital for an injury which occurred in 1982, two years prior to the legislative enactment of § 33-55-210, and nearly five years after *Brown* abolished immunity for charitable hospitals.

In *Hassel*, the trial court had limited plaintiff's claim for damages to $100,000 actual damages, pursuant to S.C. Code Ann. § 44-7-50. Relying upon our decision in *Fitzer*, which had abolished charitable immunity in its entirety subsequent to enactment of § 44-7-50, this Court reversed, holding, that *Fitzer* had, "by clear implication" overruled 44-7-50, "render[ing] charities of *all* kinds subject to suit to the same extent as all other persons, firms and corporations . . ." 288 S.C. at 321, 342 S.E. (2d) at 595 (emphasis supplied). Accordingly, as Hassel's injuries occurred some five months subsequent to our decision in *Fitzer*, we held that her recovery was not limited by § 44-7-50.[4]

Due to our narrow holding in *Hassel*, we declined to address the plaintiff's contention that § 44-7-50 was violative of equal protection.[5] S.C. Const. art. I, § 3. Today, we answer the question.

As noted previously, § 33-55-230 specifically retains the $100,000 limitation of liability to charitable and governmental

---

[4] We also found the provisions of § 33-55-210 *et seq.* inapplicable to Hassel as they were enacted two years after her injury.

[5] This Court is without power to overrule a legislative act absent constitutional infirmity. *Elliott, et al. v. Sligh*, 233 S.C. 161, 103 S.E. (2d) 923 (1958). To the extent that *Hassel* may be construed as contradicting this postulate, it is overruled.

hospitals, while extending to $200,000 the limitation for all other charitable organizations.

While we recognize the power of the General Assembly to re-enact an earlier statute, *Lyles v. McCown*, 82 S.C. 127, 63 S.E. 355 (1909), such re-enactment must withstand constitutional challenge. Here, it does not.

To satisfy equal protection, the classification must (1) bear a reasonable relation to the legislative purpose sought to be achieved, (2) members of the class must be treated alike under similar circumstances, and (3) the classification must rest on some rational basis. *See Samson v. Greenville Hospital System*, 295 S.C. 359, 368 S.E. (2d) 665 (1988).

While reducing liability of health care providers is a legitimate purpose,[6] we find no rational basis for distinguishing between charitable hospitals, on the one hand, and medical providers of goods and services, such as the Red Cross, on the other. Accordingly, § 44-7-50 is violative of equal protection. Trial court properly held that the governing statute is § 33-55-210, which provides maximum recovery of $200,000.

Affirmed in result.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.

---

[6] *See Smith v. Smith*, 291 S.C. 420, 354 S.E. (2d) 36 (1987).