24355

Sally M. WALKER, Appellant v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Respondent, and The City of Columbia, Defendant.

(466 S.E. (2d) 346)

Supreme Court

*Cheryl F. Perkins;* and *James H. Lengel,* of *Holler, Oliver, Lengel & Garner,* Columbia, *for appellant.*

*William L. Todd,* of *Dept. of Revenue and Taxation;* and *Frank L. Valenta,* of *Dept. of Public Safety,* Columbia, *for respondent.*

Heard Dec. 8, 1995.

Decided Dec. 11, 1995; Reh. Den. Feb. 12, 1996.

WALLER, Judge:

Appellant Sally Walker challenges the constitutionality of S.C. Code Ann. § 56-5-1275 (Supp. 1993), which prohibits disclosure of motor vehicle accident reports if sought for commercial solicitation purposes. We find no constitutional violation and, accordingly, affirm the grant of summary judgment to respondent, South Carolina Department of Highways and Public Transportation (SCDHPT).

## FACTS

Walker, an attorney, wished to solicit automobile accident victims as clients through mass mailings. Accordingly, to obtain the names of recent victims, she requested accident reports from SCDHPT and the City of Columbia.[1]

---

[1] The City of Columbia is not a participant in this appeal.

Beginning in June, 1991,[2] Walker was denied access to the reports. Thereafter, she instituted the present action challenging the constitutionality of § 56-5-1275. The trial court found the statute constitutional and granted summary judgment in favor of respondents.

## ISSUE

Does S.C. Code Ann. § 56-5-1275 (Supp. 1993) unconstitutionally restrict Walker's due process, equal protection, and free speech rights in violation of the First[3] and Fourteenth[4] Amendments?

## DISCUSSION

S.C. Code Ann. § 56-9-330 (1991) requires the Highway Department, upon payment of a three-dollar fee, to furnish any person a copy of a vehicle accident report. Section 56-5-1275, however, limits access to such reports:

> With respect to a motor vehicle accident, no employee of any law enforcement agency shall allow any person to examine or obtain a copy of any accident report or related investigative report when the employee knows or should reasonably know that the request for access to the report is for commercial solicitation purposes. No person shall request any law enforcement agency to permit examination or to furnish a copy of any such report for commercial solicitation purposes.

Walker alleges § 56-5-1275 abridges her First Amendment right to free speech. We disagree.

"Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." *Houchins v. KQED, Inc.*, 438 U.S. 1, 15, 98 S.Ct. 2588, 2597, 57 L.Ed. (2d) 553 (1978). *See also Zemel v. Rusk*, 381 U.S. 1, 85 S.Ct. 1271, 14 L.Ed (2d) 179 (1965) (First Amendment right to speak and publish does not carry with it the unrestrained right to gather information).

The United States Supreme Court recently recognized that

---

[2] S.C. Code Ann. § 56-5-1275 (Supp. 1993) became effective June 12, 1991.
[3] U.S. Const. amend. I.
[4] U.S. Const. amend. XIV.

a regulation prohibiting direct mail solicitation of clients by attorneys involves commercial speech, so as to be entitled to limited measure of First Amendment protection. *Florida Bar v. Went For it, Inc.,* — U.S. —, 115 S.Ct. 2371, 132 L.Ed. (2d) 541 (1995). *See also U.S. v. Kokinda,* 497 U.S. 720, 110 S.Ct. 3115, 111 L.Ed. (2d) 571 (1990), *Shapero v. Kentucky Bar Assn.,* 486 U.S. 466 108 S.Ct. 1916, 100 L.Ed. (2d) 475 (1988). *Went For It* involved a regulation passed by the Florida Bar which prohibited attorneys from targeting direct mail solicitation to accident victims within thirty days of an accident or disaster. The Florida regulation was upheld under the intermediate scrutiny standard of *Central Hudson Gas & Electric Corp. v. Public Service Comm'n,* 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed. (2d) 341 (1980).

Unlike the Florida Bar's regulation of commercial speech in *Went For It,* the statute in question regulates only access to information; it in no way inhibits Walker's exercise of her free speech rights in the form of direct mail to prospective clients.[5] The statute does not prevent Walker from learning the identities of accident victims in a variety of ways, albeit not as conveniently as she may prefer. However, there are numerous alternative avenues through which Walker may obtain this information such as police records, newspapers, television, ambulance records, record services, etc. Nor does section 56-5-1275 proscribe a time frame in which Walker may target direct mail clients. Finally, unlike the regulation in *Went For It,* the present statute is not aimed solely at lawyers but is an across-the-board regulation on access to information. As the statute does not inhibit Walker's exercise of commercial speech, we find no First Amendment violation.[6]

Walker also asserts § 56-5-1275 violates due process and equal protection. We disagree.

> To satisfy equal protection, a legislative classification ▮▮ must bear a reasonable relation to the legislative purpose sought to be achieved; members of the class must

---

[5] We would be presented with different circumstance if § 56-5-1275 prohibited commercial solicitation itself. *See In re: R.M.J.,* 455 U.S. 191, 102 S.Ct. 929, 71 L.Ed. (2d) 64 (1982).

[6] Even if the first amendment applied, the State's interest in protecting the privacy of victims is sufficient to justify the statute's restriction on commercial solicitation. *Went For It, supra; Lanphere v. Colorado,* 21 F. (3d) 1508 (10th Cir. (1994).

be treated alike under similar circumstances; and the classification must rest on some reasonable basis. *Hanvey v. Oconee Memorial Hospital*, 308 S.C. 1, 416 S.E. (2d) 623 (1992). A classification need not completely accomplish the legislative purpose in order to survive an equal protection challenge. *Foster v. SCDHPT*, 306 S.C. 519, 413 S.E. (2d) 31 (1992).

We find no equal protection violation here. The statute is reasonably related to the legislative purpose of protecting the privacy of accident victims; all members of the class are treated similarly since no persons are permitted access to the reports for purposes of commercial solicitation;[7] and the legislature's desire to protect the privacy of accident victims is reasonable. *See Lanphere v. Colorado*, 21 F. (3d) 1508 (10th Cir. 1994).

Finally, we reject Walker's due process argument.

This Court is not entitled to scrutinize reasonable measures unless some fundamental right is implicated. *Washington By and Through Washington v. Salisbury*, 279 S.C. 306, 306 S.E. (2d) 600 (1983). As noted previously, the statute in no way prohibits Walker's exercise of commercial speech. Accordingly, no fundamental right is implicated. Moreover, due process bars only those statutes which manifest patently arbitrary classifications. *Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed. (2d) 1435 (1960). Here, the statute is reasonable. Accordingly, we find no due process violation.

The judgment below is

Affirmed.

CHANDLER, C.J., FINNEY and TOAL, JJ., and CURTIS G. SHAW, Acting Associate Justice, concur.

---

[7] The statute applies with equal force to physicians, insurers, chiropractors, etc., who might also wish to provide services to injured victims.