23562

Roger BROWNING, Personal Representative of the Estate of Minnie Ruth Browning, Deceased, Respondent v. Erik HARTVIGSEN, M.D. and Charles R. Vernon, M.D., Appellants.

(414 S.E. (2d) 115)

Supreme Court

---

*Charles E. Carpenter, Jr., Deborah L. Harrison, Donald V. Richardson, III,* and *James E. Parham, Jr.* of *Richardson, Plowden, Grier & Howser,* Columbia, and *David A. Brown,* Aiken, *for appellants.*

*Wilmot B. Irvin* of *Glenn, Irvin, Murphy, Gray & Stepp,* Columbia, *for respondent.*

Submitted Dec. 6, 1991.

Decided Jan. 27, 1992.

HARWELL, Justice:

The question presented is whether the trial judge erred in holding that certain provisions of the South Carolina Tort

Claims Act[1] (the Act), which commenced providing qualified and limited liability to government employed physicians on January 1, 1989, do not apply in any respect to this action. We affirm.

## I. FACTS

Respondent alleges that appellants Erik Hartvigsen and Charles R. Vernon, both government employed physicians, harmed Minnie Ruth Browning when they attempted to insert a Shaldon catheter into Mrs. Browning's right sub-clavian vein in her neck. She suffered a stroke and died on May 21, 1988, allegedly from complications caused by the catheter insertion.

Respondent Roger Browning filed a medical malpractice action for the wrongful death of Minnie Ruth Browning on May 25, 1990, five months after the January 1, 1989 effective date of inclusion of government employed physicians within the Act. Appellants asserted as affirmative defenses that the Act required respondent to name the state entity employing appellants as defendant, and that the action was barred by the Act's two year statute of limitations. Respondent moved to have the defenses struck on the grounds that provisions of the Act applying to government employed physicians were not effective before January 1, 1989. The trial judge held in favor of respondent, finding that the timeliness of the Act's application to a cause of action turns upon the date the cause of action arises or accrues, not upon the date the complaint is filed.

## II. DISCUSSION

The Act abolished sovereign immunity for tortious acts committed by many government employees on or after July 1, 1986. The original Act did not limit the unqualified liability of government employed physicians. In 1988, however, the General Assembly acknowledged the need for the State to offer affordable compensation and employment packages, including liability insurance, in order to attract qualified physicians to government service. S.C. Code Ann. § 15-78-20(g) (Supp. 1990).

---

[1] S.C. Code Ann. §§ 15-78-10, *et seq.* (Supp. 1990). For the purposes of this appeal, we discuss the impact of amendments to the Act on government employed physicians. However, the Act also provides for the inclusion of government employed dentists, and our holding applies to suits brought against these persons as well.

The General Assembly consequently amended the Act to extend its provisions to government employed physicians. *See, e.g.,* S.C. Code Ann. §§ 15-78-30(c), 70(c), 120(a)(5) (Supp. 1990). The General Assembly, recognizing the need for an orderly transition from noninclusion to inclusion of physicians within the provisions of the Act, delayed inclusion of government employed physicians within the Act until January 1, 1989. The delay permitted government entities time to institute an affordable program of group liability insurance. S.C. Code Ann. § 15-78-20(g) (Supp. 1990). Thus, appellants became employees of the State for purposes of coverage under the Act on January 1, 1989. S.C. Code Ann. § 15-78-30(c) (Supp. 1990).

The amendments extending coverage under Act to government employed physicians were enacted March 14, 1988. We now are called upon to interpret the application to government employed physicians of section 15-78-70(c), which provides that an action brought pursuant to the Act should name the state entity employing the alleged tortfeasor as a party defendant; and section 15-78-110, which provides for a two year statute of limitations.

We are mindful that our primary function in interpreting a statute is to ascertain the intent of the legislature. *Multi-Cinema, Ltd. v. S.C. Tax Commission,* 292 S.C. 411, 357 S.E. (2d) 6 (1987). A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers. *Caughman v. Columbia Y.M.C.A.,* 212 S.C. 337, 47 S.E. (2d) 788 (1948). The real purpose and intent of the lawmakers will prevail over the literal import of the words. *S.C. Department of Social Services v. Forrester,* 282 S.C. 512, 320 S.E. (2d) 39 (Ct. App. 1984).

A. *Section 15-78-70(c)*

Section 15-78-70(c) provides in part:

Prior to January 1, 1989, a person, when bringing an action against a governmental entity under the provisions of this chapter, shall name as a party defendant only the agency or political subdivision for which the employee was acting and is not required to name the employee individually. . . . *The provisions of this section may in no way limit or modify the liability of a licensed physician . . .*

*acting within the scope of his profession.* (Emphasis added.)

On or after January 1, 1989, a person, when bringing an action against a governmental entity under the provisions of this chapter, shall name as a party defendant only the agency or political subdivision for which the employee was acting and is not required to name the employee individually. . . .

Appellants urge that the second paragraph of section 15-78-70(c) mandates that all complaints against government employed physicians filed pursuant to the Act after January 1, 1989 must name the agency employing the alleged tortfeasor as a party defendant, regardless of when the action accrued. They therefore assert that the hospital employing appellants should be substituted as the party defendant in this action. We disagree.

Appellants' literal construction of section 15-78-70(c) has the practical effect of making the Act retroactive. We have held that the General Assembly intended for the entire Act to be applied prospectively. *See Jenkins v. Meares*, 302 S.C. 142, 394 S.E. (2d) 317 (1990). *See also* S.C. 142, 394 S.E. (2d) 317 (1990). *See also* S.C. Code Ann. §§ 15-78-20 and 15-78-180 (Supp. 1990). Further, the Act must be liberally construed in favor of limiting liability of the State. S.C. Code Ann. § 15-78-20(f) (Supp. 1990). Thus, the General Assembly could not have intended for section 15-78-70(c) to impose retroactive liability on the State for a tortious act committed by a government employed physician prior to January 1, 1989 simply because a plaintiff files an action against the government employed physician after January 1, 1989.[2] If we were to adopt appellants' reading of section 15-78-70(c), we would undermine the General Assembly's intent to ensure prospective application of the Act and to limit the State's liability. Accordingly, we affirm the trial judge's ruling that the first paragraph of section 15-78-70(c) applies to causes of action accruing prior to January 1, 1989, and that the second paragraph of section 15-78-70(c) applies to causes of action accruing after January 1, 1989.

---

[2] Appellants' interpretation of section 15-78-70(c) leads to the absurd conclusion that a plaintiff injured by a government employed physician prior to January 1, 1989 could choose whether to impose liability on the State or on the physician by filing a complaint either before or after January 1, 1989.

## B. *Section 15-78-110*

Section 15-78-110 provides in part:

> [A]ny act brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered. . . .

Appellants next contend that section 15-78-110 provides an absolute defense to respondent's action. Appellants correctly state that section 15-78-110 is triggered by the date the cause of action accrued. *See Searcy v. South Carolina Department of Education,* — S.C. —, 402 S.E. (2d) 486 (Ct. App. 1991). However, appellants incorrectly assert that because respondent's cause of action arose after the March 14, 1988 effective date of section 15-78-110, respondent is barred from recovery because he did not bring an action within the Act's applicable two year limitations period.

Reading the Act as a whole leads to the inescapable conclusion that the General Assembly intended for the State to avoid liability for all tortious acts of government employed physicians which arise or accrue before January 1, 1989. Appellants were not employees of the State as defined in section 15-78-30(c) until January 1, 1989. Therefore, the Act, including the statute of limitations period contained therein, is wholly inapplicable to respondent's medical malpractice claim. We hold that respondent's action is governed by the three year statute of limitations set forth in S.C. Code Ann. §§ 15-3-545(A) (Supp. 1990) (medical malpractice) and 15-3-530(6) (Supp. 1990) (wrongful death actions).

In sum, we hold that the Act does not apply in any respect to causes of action arising or accruing against government employed physicians prior to January 1, 1989. We accordingly affirm the trial judge's order granting respondent's motion to strike appellants' affirmative defenses asserting that sections 15-78-70(c) and 15-78-110 apply to this action. The order of the trial judge is

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.