24202

Robert S. MURPHY, as Personal Representative of the Estate of Jamie Cheek, Appellant v. RICHLAND MEMORIAL HOSPITAL, Respondent.

(455 S.E. (2d) 688)

Supreme Court

---

*John D. Elliott,* Columbia, *for appellant.*

*Knox L. Haynsworth, III* and *William L. Pope,* both of *Pope & Rodgers,* Columbia, *for respondent.*

Heard Jan. 4, 1995.

Decided Feb. 27, 1995.

TOAL, Justice:

Robert S. Murphy (Murphy) argues the trial judge erred in granting Richland Memorial Hospital's (Hospital) summary judgment motion. We affirm.

## FACTS

Jamie Cheek was allegedly injured at Hospital on September 20, 1989. Thereafter, Murphy, the representative of her estate, filed a negligence action against Hospital on December 23, 1991 and effected service February 9, 1992 on Hospital.

Hospital moved for summary judgment on the basis the action was barred by the South Carolina Tort Claims Act (Torts Claims Act) which provides a two-year statute of limitations. The trial judge granted Hospital's motion for summary judgment. Murphy appeals.

LAW/ANALYSIS

Murphy argues the trial judge erred in applying the Tort Claims Act statute of limitations, S.C. Code Ann. § 15-78-110 (Supp. 1993),[1] because this action is for medical malpractice and, therefore, the medical malpractice statute of limitations, S.C. Code Ann. § 15-3-545 (Supp. 1993),[2] is the proper statute of limitations to be applied in this case. We disagree.

The Tort Claims Act restores the tort immunity of governmental entities except as was waived by the Act itself. S.C. Code Ann. § 15-78-20(b) (Supp. 1993). Section 15-78-20(b) states the Act is the "exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b)." In *Benton v. Roger C. Peace Hospital*, this Court recently held the "Act clearly states it provides the exclusive remedy for governmental torts. . . ." 313 S.C. 520, 522, 443 S.E. (2d) 537, 538 (1994). Hospital is a governmental entity. Accordingly, the trial judge properly held the Tort Claims Act controls.

Murphy next contends having a two-year statute of limitations for victims injured by governmental hospitals while having a three-year statute of limitations for victims injured by private hospitals violates the Equal Protection Clause of the United States Constitution and the South Carolina Constitution. We disagree.

---

[1] Section 15-78-110 provides:

Except as provided for in Section 15-3-40, any action brought pursuant to this chapter is forever barred unless an action is commenced within *two years after the date the loss was or should have been discovered;* provided, that if the claimant first filed a claim pursuant to this chapter then the action for damages based upon the same occurrence is forever barred unless the action is commenced within three years of the date the loss was or should have been discovered. (*Emphasis added.*)

[2] Section 15-3-545(A) provides in part:

In any action, other than actions controlled by subsection (B), to recover damages for injury to the person arising out of any medical, surgical, or dental treatment, omission, or operation by any licensed health care provider as defined in Article 5, Chapter 79, Title 38 acting within the scope of his profession must be commenced within *three years from the date of the treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered,* not to exceed six years from date of occurrence, or as tolled by this section. (*Emphasis added.*)

To satisfy equal protection the classification must (1) bear a reasonable relation to the legislative purpose sought to be achieved, (2) members of the class must be treated alike under similar circumstances, and (3) the classification must rest on some rational basis. *Hanvey v. Oconee Memorial Hosp.*, 308 S.C. 1, 416 S.E. (2d) 623 (1992). Murphy contends there is no rational basis for classifying the victims of torts committed by private hospitals and victims of torts committed by governmental hospitals differently. .

In determining whether a statute violates equal protection, this Court accords "great deference to a legislatively created classification, and the classification will be sustained if it is not plainly arbitrary and there is any reasonable hypothesis to support it." *Cerny v. Salter*, 311 S.C. 430, 429 S.E. (2d) 809 (1993). The party asserting the unconstitutionality of the statute has the burden of showing the classification is essentially arbitrary and without any reasonable basis. *Foster v. South Carolina Dept. of Highways and Public Transp.*, 306 S.C. 519, 413 S.E. (2d) 31 (1992).

Historically, all persons were barred from bringing tort claims against governmental entities. The doctrine of sovereign immunity began to come under fire as being "archaic and outmoded." *McKenzie v. City of Florence*, 234 S.C. 428, 435, 108 S.E. (2d) 825, 828 (1959), *overruled on other grounds by McCall v. Batson*, 285 S.C. 243, 329 S.E. (2d) 741 (1985). The legislature subsequently passed various exceptions to the doctrine. *See e.g.* S.C. Code Ann. §§ 57-5-810 to -860 (1976). We noted, however, the exceptions reflected "a scattered patchwork of sovereign liability that lack[ed] continuity, logic or fairness." *McCall v. Batson*, 285 S.C. 243, 245, 329 S.E. (2d) 741, 742 (1985). Thus, in *McCall*, we abolished the doctrine of sovereign immunity. *Id.* at 246, 329 S.E. (2d) at 742.

In response to our decision in *McCall*, the legislature implemented a comprehensive act providing for the logical disposition of governmental liability. S.C. Code Ann. §§ 15-78-10 to -190 (Supp. 1993). The Act first completely restores sovereign immunity. S.C. Code Ann. § 15-78-20(b). The Act then provides specific waivers and limitations on actions against governmental entities. *Id.* Thus, the Torts Claims Act is a limited waiver of governmental immunity.

"In enacting such a limited waiver of immunity, it appears to us rational for the state to limit actions to those instances when the governmental entity is given reasonably early notice of the claim." *Faucher v. City of Auburn*, 465 A. (2d) 1120, 1125 (Me. 1983). A shorter statute of limitations period can be said to "be rationally designed to minimize the undue burden on the public entity brought by late filed claims which increase the cost of litigation and reduce the likelihood of settlement by making the full investigation of a claim a difficult, time and money consuming process." *See id.* Accordingly, we find no equal protection violation.[3]

Affirmed.

FINNEY, C.J., MOORE and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

---

[3] Most cases discussing the equal protection argument against state's Tort Claims Act statute of limitations have dealt with the notice provision contained in many of these statutes. *See e.g.* Daniel E. Feld, Annotation, *Modern Status of the Law as to Validity of Statutes or Ordinances Requiring Notice of tort Claim Against Local Governmental Entity*, 59 A.L.R. (3d) 93 (1974 & Supp. 1994). The majority of jurisdictions that have reached this issue have upheld the statute. *Johnson v. Maryland State Police*, 331 Md. 285, 628 A. (2d) 162 (1993) (See cases cited therein).