24321

Frank and Raejean BEATTIE, Appellants v. AIKEN COUNTY DEPARTMENT OF SOCIAL SERVICES and the South Carolina Department of Social Services, Respondents.

(462 S.E. (2d) 276)

Supreme Court

*Jack B. Swerling,* Columbia, and *F. Patrick Hubbard,* Columbia, *for appellants.*

*Susan Anderson,* Columbia, *for respondents.*

Heard June 15, 1995.

Decided Sept. 18, 1995.

WALLER, Justice:

On appeal is an order denying Appellants' motion to review an Aiken County Department of Social Services (DSS) case file and an internal South Carolina Department of Social Services (SCDSS) investigative report. We affirm.

## FACTS

On October 25, 1993, Appellants were notified that a complaint had been lodged against them for abuse and neglect of their two young daughters. Appellants believed that the complaint was fabricated by the acting director of the Aiken County DSS, Cassie Wilson, in retaliation for their disclosure

of improper acts on the part of Wilson in an unrelated matter. They wrote to the Attorney General concerning these suspicions and were informed that SCDSS, Division of Investigations, would inquire into the matter at the direction of its General Counsel.

Subsequently, an investigation by DSS ensued into the complaint of abuse and neglect. It was determined to be unfounded. Appellants sought access to this Aiken County DSS case file, including the name of the person who reported the complaint, as well as the SCDSS investigative report concerning Cassie Wilson. They were informed that, since their case was unfounded, they were not entitled to review the case file. Further, the investigative case file on Wilson was privileged and not subject to disclosure.

Appellants filed an action seeking the disclosure and preservation of the DSS case file and the SCDSS investigation of Wilson. The court held that these files are not subject to disclosure. DSS was ordered to preserve the case files pending this appeal.

## ISSUES

1. Are Appellants entitled to review the DSS case file concerning the investigation of the allegations of abuse and neglect?

2. Are Appellants entitled to review the internal SCDSS report concerning its investigation of Wilson?

## DISCUSSION

### 1. DSS Case File

Appellants contend that they have a right to review the DSS case file even though the allegations of abuse and neglect were unfounded. We disagree.

S.C. Code Ann. § 20-7-650(F) (Supp. 1994) provides:

The names, addresses, and all other identifying characteristics of persons named in all unfounded reports maintained in agency files may be used only for auditing and statistical purposes. All identifying information contained in unfounded reports must be destroyed immediately after use of the information for auditing and statistical purposes, and in no case later than one year from the date

that the last report has been determined to be unfounded; provided, however, that all information in any such report which is unnecessary for auditing and statistical purposes must be destroyed immediately upon a determination that such report is unfounded and the remaining information must be kept strictly confidential expect for auditing and statistical purposes. **Notwithstanding Section 20-7-690[1] or any other provision of law, no information contained in unfounded reports may be disclosed under any circumstances.** (Emphasis added.)

Appellants contend that, in their case, there was no "report" from a "reporter"; rather, there was merely "a false complaint by a DSS staff member." Therefore, they argue that § 20-7-650(F) does not apply to them and they should be given unrestricted access to the case file. They also argue that § 20-7-650(F) is limited to the actual report of DSS; therefore, they are entitled to review any other material and records concerning their case.

In interpreting a statute, this Court's primary purpose is to ascertain the intent of the legislature. *Browning v. Hartvigsen*, 307 S.C. 122, 144 S.E. (2d) 115 (1992). An entire code section should be read as a whole so that phraseology of an isolated section is not controlling. *City of Columbia v. Niagara Fire Insurance Company*, 249 S.C. 388, 154 S.E. (2d) 674 (1967). "A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers." *Browning*, 307 S.C. at 125, 414 S.E. (2d) at 117.

The clear language of § 20-7-650 prohibits the disclosure of the DSS case file to Appellants or to anyone else. "Report," as used in the section, is not limited to the initial complaint of abuse; rather it refers to all information appertaining to the DSS investigation of alleged abuse or neglect. Any other interpretation would render meaningless the mandate that all reports be destroyed if a case is determined to be unfounded.

---

[1] S.C. Code Ann. § 20-7-690 (Supp. 1994) provides that the information contained in reports of child abuse and neglect is available to "any person who is the subject of a report or that person's attorney," except for the name, address, occupation, and other identifying characteristics of the reporter.

Moreover, it is patently clear that the identity of the reporter cannot be disclosed under any circumstance. This is necessary to encourage the reporting of suspected abuse without fear of retaliation. We reject Appellants' contention that the definition of reporter does not include those people employed by DSS.

Accordingly, under § 20-7-650, Appellants are precluded from examining the DSS case file concerning the unfounded allegations of abuse lodged against them.

### 2. *SCDSS Internal Investigation*

The trial court held that any material and information concerning the internal investigation of Wilson conducted by SCDSS was not subject to disclosure under the exemptions of the South Carolina Freedom of Information Act (FOIA) relating to information of a personal nature and correspondence or work product of legal counsel. Appellants contend that the court erred in failing to review the requested file, determine which material in the file is exempt and nonexempt, and requiring disclosure of the nonexempt material.

FOIA provides the right to inspect or copy any public record of a public body. S.C. Code Ann. § 30-4-30(a) (Supp. 1994). However, the FOIA enumerates certain exemptions, including information of a personal nature and work product of legal counsel. S.C. Code Ann. § 30-4-40(a)(2) and (a)(7) (1991 and Supp. 1994). Moreover, those records which are required by law to be closed to the public are not subject to the FOIA. S.C. Code Ann. § 30-4-20(c) (1991); S.C. Code Ann. § 30-4-40(4) (1991). Notwithstanding, these exemptions for the FOIA do not provide a blanket prohibition of disclosure of the entire record containing exempt material. Rather, the exempt and nonexempt material shall be separated and the nonexempt material disclosed. *See Newberry Publ. v. Newberry Co. Comm'n A.D.A.*, 308 S.C. 352, 417 S.E. (2d) 870 (1992).

Here, the record fails to show that the trial court was asked to review the SCDSS investigatory file and separate the exempt and nonexempt material. Accordingly, we must affirm the trial court on this issue. *Conran v. Joe Jenkins Realty, Inc.*, 263 S.C. 332, 210 S.E. (2d) 309 (1974) (Appellant bears burden of providing sufficient record to support his argu-

ment). However, Appellants are not precluded from reappearing before the trial court and requesting that it conduct a review in accordance with *Newberry*.

Affirmed.

FINNEY, C.J., and MOORE and BURNETT, JJ., and GEORGE T. GREGORY, Jr., Acting Associate Justice, concur.