482 S.E.2d 558

D.W. FLOWE & SONS, INC., Appellant,

v.

CHRISTOPHER CONSTRUCTION COMPANY, and SAFECO
Insurance Company of America, Respondents,

v.

LANCASTER COUNTY WATER & SEWER DISTRICT
and Union County, North Carolina, Third–Party
Respondents.

No. 24583.

Supreme Court of South Carolina.

Heard Jan. 7, 1996.
Decided March 3, 1997.

S. Jackson Kimball and P. Ron Hargett, Jr., Kimball, Dove & Simpson, Rock Hill, for appellant.

J. Kershaw Spong and David W. Robinson, II, Robinson, McFadden & Moore, Columbia, for respondents.

James W. Sheedy and W. Mark White, of Spencer & Spencer, P.A., Rock Hill, for third-party respondents.

WALLER, Justice:

D.W. Flowe & Sons, Inc. is appealing an order finding that a lawsuit brought against Respondents Christopher Construction Company and SAFECO Insurance Company is barred by the statute of limitations. We affirm.

## FACTS

In 1991, Christopher Construction Company ("Contractor") was awarded a contract to construct the Catawba River Water Supply Project—Raw Water Facilities. This contract was awarded by Third–Party Respondents Lancaster County Water and Sewer District ("District") and Union County, North Carolina (collectively referred to as "Owners").[1] SAFECO Insurance Company ("Surety") issued a payment bond as surety for this contract. Contractor in turn hired Appellant to perform grading work on the project. Appellant subsequently sued Contractor and Surety claiming it was owed certain sums due under its subcontract. It asserted multiple causes of action against both defendants. The first cause of action against Surety sought payment under the bond Surety issued. Contractor filed a third-party complaint against Owners seeking, *inter alia*, indemnification.

The trial judge granted summary judgment against Appellant on its cause of action against Surety under the payment bond, finding the suit was untimely.

## ISSUES

I.   Does the statute of limitation provision in District's Procurement Ordinance apply to the contract in this case?

II.  Does District have the authority to enact a statute of limitations ordinance?

III. Does the statute of limitations ordinance violate Equal Protection?

## DISCUSSION

*I. Applicability of Ordinance*

District's Procurement Ordinance Section 5–302(5) ("Ordinance") states in pertinent part:

Every suit instituted upon a payment bond shall be brought in a court of competent jurisdiction for the District, but no such suit shall be commenced after the expiration of one

---

1. Owners had formed a joint venture to provide water treatment service to both areas.

year after the day on which the last of the labor was performed or material was supplied by the person bringing suit.

It is uncontested that Appellant last furnished materials and labor on July 29, 1992. It brought suit on June 2, 1994. Thus, if Ordinance is found to apply in this case, it will preclude Appellant's lawsuit.

■ Section 1–102 of District's procurement ordinances provides in part, "This Ordinance applies to contracts for the procurement of supplies, services and construction, entered into by this District after the effective date of this Ordinance. It shall apply to every expenditure of public funds irrespective of their source." Appellant argues that because Owners formed a joint venture, it was this joint venture and not the individual Owners who were the contracting parties. Therefore, Appellant reasons, Ordinance would be inapplicable because the contract was not entered into by District. We disagree. Both the contract[2] and the payment bond were signed by Owners individually. More importantly, the contract specifically stated that Owners would be individually liable for any sums due under the contract. Clearly, District entered into the contract when it agreed to be personally liable under its terms. Under these circumstances, we find no error in the trial judge's ruling Ordinance applicable.

## II. District's Authority to Enact Ordinance

■ Appellant argues District did not have legislative authority to enact Ordinance. We disagree.

Under S.C.Code Ann. § 6–11–10 (1976), the General Assembly authorized the creation of special purpose districts "[i]n order to protect the public health." Pursuant to this authority, the General Assembly created District, authorizing it to "[b]uild, construct, purchase, acquire, operate and maintain

---

2. The general contract between Contractor and Owners required Contractor to conform to all applicable "Federal and State laws, municipal ordinances and the rules and regulations of all authorities having jurisdiction over construction of the Work...." This general contract was incorporated into the subcontract. The contract also required Contractor to furnish a payment bond, as did District's Procurement Ordinance 5–302. In accordance with this requirement, Contractor secured a payment bond from Surety.

water lines and water mains throughout the district, and all apparatus necessary for the proper functioning of the same ..." and to "[m]ake contracts for construction." District was empowered to "[d]o all other acts and things necessary or convenient to carry out any function or power committed or granted to the district." 1973 Acts 494 (§ 3: ¶¶ 9, 18, 25); 1959 S.C. Acts 455 (§ 3: ¶¶ 9, 18, 26). Subcontractor correctly points out that none of these statutes specifically authorized District to enact procurement ordinances. However, the General Assembly corrected this in 1981 by adopting the South Carolina Procurement Code.[3] Although the Code's procurement provisions do not apply to local political subdivisions [4], section 11–35–50 requires all political subdivisions to adopt "ordinances or procedures embodying sound principles of appropriately competitive procurement." This section created a task force to draft model ordinances for consideration by the political subdivisions.[5] We find this statute clearly authorized District to enact procurement ordinances.

■■■ Appellant further argues that a statute of limitations ordinance does not embody "sound principles of appropriately competitive procurement" as required in section 11–35–50. We disagree. It is well-settled that the cardinal rule in interpreting a statute is to ascertain the legislature's intent. *Beattie v. Aiken County Dept. of Social Servs.*, 319 S.C. 449, 462 S.E.2d 276 (1995). "A statute as a whole must receive a practical, reasonable and fair interpretation consonant with the purpose, design, and policy of the lawmakers." *Id.* at 452, 462 S.E.2d at 278 (quoting *Browning v. Hartvigsen*, 307 S.C. 122, 125, 414 S.E.2d 115, 117 (1992)). The South Carolina Procurement Code, of which section 11–35–50 is a part, provides that one of its purposes is "to require the adoption of competitive procurement laws and practices by units of state and local governments." S.C.Code Ann. § 11–35–20(e) (Supp.

---

3. S.C.Code Ann. §§ 11–35–10 to –5270 (1976 & Supp.1995).

4. *See* S.C.Code Ann. § 11–35–40(2) .(1976); S.C.Code Ann. § 11–35–310(18) (Supp.1995).

5. The model ordinance ultimately developed by this task force contained a one-year statute of limitation provision for suits on payment bonds. *See* Model Procurement Ordinance, Local Governments § 5–302(5) (1982).

1995). The Code included in its definition of procurement "all phases of contract administration." S.C.Code Ann. § 11–35–310(22) (1976). It also included a one-year statute of limitations for suits on payment bonds in its provisions. S.C.Code Ann. § 11–35–3030(2)(d). We find from these provisions legislative intent that rules, such as a shorter statute of limitations, governing the prompt resolution of contract disputes were included within the ambit of "sound principles of appropriately competitive procurement."[6]

Article VIII, section 17 provides that "all laws concerning local government shall be liberally construed in their favor. Powers, duties, and responsibilities granted local government subdivisions by this Constitution and by law shall include those fairly implied and not prohibited by this Constitution."[7] Therefore, construing section 11–35–50 liberally in District's favor, we hold District had legislative authority to enact Ordinance.

## III. Equal Protection

Appellant also argues Ordinance violates the equal protection principles of the United States and South Carolina Constitutions.[8] We disagree. To satisfy Equal Protection, a classification must (1) bear a reasonable relation to the legislative purpose sought to be achieved, (2) members of the class must be treated alike under similar circumstances, and (3) the classification must rest on some rational basis. *Jenkins v. Meares*, 302 S.C. 142, 394 S.E.2d 317 (1990). A legislative enactment will be sustained against constitutional attack if there is "any reasonable hypothesis" to support it. *Gary*

---

6. The only reason Appellant gives to support its argument is that if applied, Ordinance will have the effect of benefitting SAFECO, a private company. It overlooks the fact that it also benefits District by reducing bond premiums and construction costs.

7. Subcontractor's argument that "[a]ny powers not expressly conferred upon a governmental agency of the State are plainly prohibited as though expressly forbidden" is unpersuasive in view of this constitutional provision. *See Williams v. Town of Hilton Head*, 311 S.C. 417, 429 S.E.2d 802 (1993) (object of Article VIII was to abrogate traditional restrictions on the exercise of local autonomy such as Dillon's rule of strict construction).

8. U.S. Const. amend. XIV, § 1; S.C. Const. art. I, § 3.

*Concrete Prods., Inc. v. Riley,* 285 S.C. 498, 504, 331 S.E.2d 335, 338 (1985) (quoting *Thomas v. Spartanburg Ry., Gas & Elec. Co.,* 100 S.C. 478, 85 S.E. 50 (1915)).

As mentioned herein, Ordinance benefits District in reducing public expense. We have previously held this to be a rational basis for adopting a shorter statute of limitations. *See, e.g., Murphy v. Richland Memorial Hosp.,* 317 S.C. 560, 455 S.E.2d 688 (1995) (upholding two-year statute of limitations period under Tort Claims Act against equal protection attack). Therefore, we find Appellant has not sustained its burden of showing a constitutional violation. *See id.* at 563, 455 S.E.2d at 690 (party asserting constitutional infirmity has burden of showing classification is arbitrary and without any reasonable basis).

Finally, the remaining arguments Appellant raises are affirmed pursuant to Rule 220(b)(1), SCACR and the following authority: *Issue III: Parsons v. Georgetown Steel,* 318 S.C. 63, 456 S.E.2d 366 (1995) (failure to proffer excluded evidence precludes appellate review).

For the foregoing reasons, the trial judge's order granting partial summary judgment is hereby

AFFIRMED.

FINNEY, C.J., MOORE, and BURNETT, JJ., and Acting Associate Justice JOHN W. KITTREDGE, concur.