515 S.E.2d 261

Timothy L. HUNTER, Respondent,

v.

Julie A. STAPLES and South Carolina Department of Education,

of Whom South Carolina Department of Education is, Appellant.

No. 2961.

Court of Appeals of South Carolina.

Heard Oct. 8, 1998.

Decided March 15, 1999.

94

Eugene P. Corrigan, III, of Grimball & Cabaniss, of Charleston, for appellant.

Forrest C. Wilkerson, Jr., of N. Charleston, for respondent.

CONNOR, Judge:

South Carolina Department of Education appeals an evidentiary ruling of the trial court. The Department also appeals the denial of its motions for judgment notwithstanding the verdict, new trial, and remittitur. We affirm.

## FACTS

Timothy L. Hunter was involved in an accident with a school bus driven by Julie A. Staples.[1] The accident occurred when Hunter's pickup truck collided with the school bus when it hydroplaned into the intersection rather than stopping. Although Hunter attempted to avoid the collision, he could not stop in time. Immediately after the accident, he was transported to the hospital and released the same day. The next day, he experienced pain in his neck, back, leg, and finger. A week later, he sought medical treatment for these injuries. This treatment continued for several months. He was released to return to work approximately six months after the accident. Hunter thereafter sued Staples and her employer, South Carolina Department of Education, to recover damages from the accident.

At trial, the Department moved *in limine* to impeach Hunter with his prior convictions. The court denied the motion. The jury returned a verdict in favor of Hunter for $86,627.61, finding him 5% negligent and Staples 95% negligent. Subsequently, the Department moved for a new trial on the ground the judge erred in excluding evidence of Hunter's criminal record. The Department also requested judgment notwithstanding the verdict or, in the alternative, a new trial or remittitur based on the failure of proof of damages. The court denied these motions as well. The Department appeals.

## DISCUSSION

### I. Impeachment

The Department argues the trial court erred in refusing to allow admission of Hunter's criminal convictions. It contends Hunter's recovery depended on his credibility. It submits

---

1. Staples is not a party to this appeal.

Rules 608, 609, and 613, SCRE, constitute authority under which the convictions could have been admitted.[2]

## A. *Rule 608: Evidence of Character, Conduct and Bias of Witness*

█ Rule 608, SCRE, is almost identical to the Federal Rule. Although the Department did not specify, we assume it relies on subsection (b) in making its argument. That section reads, in relevant part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, *other than conviction of crime as provided in Rule 609,* may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified. (Emphasis added.)

The Department's reliance on Hunter's previous *convictions* as a basis for impeachment is misplaced. Under the language emphasized above, the use of a conviction is specifically excluded from the purview of Rule 608. *See United States v. Parker,* 133 F.3d 322 (5th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 1851, 140 L.Ed.2d 1100 (1998) (prior bad acts that have *not* resulted in a conviction may be admissible under Fed.R.Evid. 608(b)); *United States v. Sotelo,* 97 F.3d 782 (5th Cir.), *cert. denied,* 519 U.S. 1045, 117 S.Ct. 620, 136 L.Ed.2d 543 (1996), *and cert. denied,* 519 U.S. 1135, 117 S.Ct. 1002, 136 L.Ed.2d 881, *and cert. denied,* 520 U.S. 1149, 117 S.Ct. 1324, 137 L.Ed.2d 486 (1997) (Rule 608(b) provides for impeachment on cross-examination with acts other than convictions); *United States v. Smith,* 80 F.3d 1188, 1193 (7th Cir.1996) ("the plain language of [Rule 608(b) ] allows for cross-examination of matters 'other than conviction of crime' "). *See also United States v. Turner,* 104 F.3d 217 (8th Cir.1997) (when defendant

---

**2.** In the record before us, neither the lawyers nor the judge mentioned specific rule numbers or subsections in their discussions. Therefore, we can only tell which rule was argued by the language used.

was not convicted of the crime sought to be introduced, it was only admissible if probative of his truthfulness under Rule 608(b)). The Department cannot seek to have Hunter's convictions admitted under Rule 608(b).

## B. *Rule 613: Prior Statements of Witnesses*

■ The Department maintains Hunter testified during his deposition that he only had three or four convictions on his record, when in fact he had eleven. The Department wanted to use Hunter's deposition statements to impeach his credibility by showing he had made a prior inconsistent statement.

■ Rule 613, SCRE, does not provide for the admission of prior statements, but rather sets forth the conditions under which such statements may be admitted. South Carolina has, however, always followed the traditional rule that inconsistent statements are admissible to impeach a witness' credibility. *See State v. Copeland,* 278 S.C. 572, 300 S.E.2d 63 (1982), *cert. denied,* 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 367, *and cert. denied,* 463 U.S. 1214, 103 S.Ct. 3553, 77 L.Ed.2d 1399 (1983).

■ To have an *inconsistent* statement, there must be a statement with which to compare it. The record before us contains only the Department's allegation that Hunter testified in his deposition he only had three or four convictions, when in fact he had eleven. However, there is no subsequent trial statement by Hunter that contradicts his deposition testimony. At trial, the Department did not proffer the deposition testimony, nor Hunter's trial testimony contradicting his deposition testimony. Moreover, the Department neglected to include the relevant deposition excerpts in the record it provided us. Therefore, this argument is not preserved for our review. *See D.W. Flowe & Sons, Inc. v. Christopher Constr. Co.,* 326 S.C. 17, 482 S.E.2d 558 (1997); Rule 103(a)(2), SCRE.

## C. *Rule 609: Prior Convictions*

■ The Department next alleges the court erred in refusing to allow Hunter to be cross-examined concerning his prior convictions under Rule 609. The Department wanted to question Hunter about his August 1987 burglary conviction and

two criminal domestic violence convictions from 1993.[3] The trial judge refused to admit both the burglary conviction and the domestic violence convictions. He refused to allow the admission of the domestic violence convictions because they did not carry a sentence of at least one year imprisonment. He appeared to base his decision to exclude the burglary conviction on Rule 403, SCRE analysis as applied through Rule 609(a)(1). He also held the conviction lacked relevance.

Rule 609 provides in pertinent part:

(a) General Rule. For the purpose of attacking the credibility of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

. . .

(b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

To determine if the trial court erred in excluding Hunter's convictions under Rule 609(a), we must first decide under which subsection the conviction falls. *See United States v. Seamster*, 568 F.2d 188 (10th Cir.1978) (when determining

---

**3.** Although the Department refers in general to Hunter's prior convictions, the record on appeal reveals only the burglary and domestic violence convictions were discussed at trial. Moreover, the Department did not include a list of Hunter's prior convictions as part of the record on appeal.

admissibility under Rule 609, the trial court must first determine whether the prior conviction was a general felony or involved dishonesty and false statements). The domestic violence convictions, however reprehensible, do not establish Hunter was deceitful or untruthful. Accordingly, these convictions would not be admissible under Rule 609(a)(2). They would also be excluded from the operation of Rule 609(a)(1) because they are not punishable by imprisonment in excess of one year. This leaves only the burglary conviction.

■ On three occasions the judge specifically stated he weighed competing considerations concerning probative value and prejudice. First, after the Department's motion *in limine,* he said, "I'm going to exclude his criminal record ... I think the prejudicial effect outweighs any probative value in this case."

Additionally, at the motions hearing at the conclusion of the testimony, the judge stated:

> Both of those rules and the rules of evidence dealing with the criminal records—one of them talks about a witness that says subject to Rule 403. Then they talk about the accused. It says subject to probative value outweighing prejudicial effect. That's basically my ruling. That really didn't have anything to do with this case.

Moreover, when the Department made a motion for judgment notwithstanding the verdict, the judge ruled:

> Okay. I excluded the evidence of his criminal record because both of—that rule says one of them is subject to Rule 403. Probative value outweighs prejudicial effect and that applies both to parties and witnesses. That's why I excluded it. I didn't think it had any relevance in this case.

The trial judge's continued reference to Rule 403 indicates he relied on Rule 609(a)(1) in making his decision. Despite this ruling, it is questionable whether the Department has preserved an argument for appeal under this subsection. On appeal, the Department does not mention Rule 609(a)(1) or the Rule 403 balancing test in its initial brief. Although it references the terms "probative value" versus "prejudicial impact," these terms appear within the context of its argument under Rules 608 and 613, but not Rule 609. The Department

specifically argues error under Rule 609(a)(1) only in its reply brief.

Even if properly preserved, we find no error in the trial judge's decision to exclude Hunter's burglary conviction. Under Rule 609(a)(1), evidence that a witness, to include a party in a civil trial, has been convicted of a crime shall be admitted subject to Rule 403. Rule 403 provides that, although relevant, evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 609(a)(1) gives broad discretion to the trial judge and his or her ruling should not be disturbed absent an abuse of discretion. *United States v. Morrow*, 977 F.2d 222 (6th Cir.1992), *cert. denied*, 508 U.S. 975, 113 S.Ct. 2969, 125 L.Ed.2d 668 (1993); Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 403.02[2][d] (Joseph M. McLaughlin ed., 2d ed. 1998) (The appellate court will uphold a trial court's application of Rule 403 unless it finds the trial court has committed an abuse of discretion.).

As indicated by the excerpts of the record, the judge specifically stated he excluded the burglary conviction because the prejudicial effect of the conviction outweighed its probative value. Moreover, he found the conviction was not relevant to the case. Although he did not specifically enunciate the factors involved in reaching his ultimate decision, it is evident the judge considered Rule 609(a)(1) in conjunction with the Rule 403 balancing analysis. He did not abuse his discretion in excluding Hunter's burglary conviction. Even though we may have reached a different result, this alone is not sufficient to reverse the trial judge's decision. *See United States v. Green*, 887 F.2d 25, 27 (1st Cir.1989) (A trial judge's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in "exceptional circumstances."); *United States v. Long*, 574 F.2d 761 (3rd Cir.), *cert. denied*, 439 U.S. 985, 99 S.Ct. 577, 58 L.Ed.2d 657 (1978) (A trial judge's balancing decision under Rule 403 should not be reversed simply because an appellate court believes it would have decided the matter otherwise because of a differing view of the highly subjective factors of the proba-

tive value or the prejudice presented by the evidence.); *Id.* at 767 ("If judicial self-restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal.").

■ The Department failed to preserve an argument for appeal under Rule 609(a)(2). At trial, it never mentioned Rule 609(a)(2), which mandates the admission of crimes involving dishonesty or false statements. In fact, in response to the trial judge's question, "What kind of recent convictions or crimes involving dishonesty do you have?" the Department responded, "They don't have to be crimes involving dishonesty to use them." This is the only instance the word dishonesty was mentioned in the record on appeal. *See Creech v. South Carolina Wildlife & Marine Resources Dep't,* 328 S.C. 24, 491 S.E.2d 571 (1997) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.). Furthermore, the Department did not argue error under Rule 609(a)(2) in its initial brief. Therefore, it was precluded from asserting this argument for the first time in its reply brief. *See Continental Ins. Co. v. Shives,* 328 S.C. 470, 492 S.E.2d 808 (Ct.App.1997) (An appellant may not use the reply brief to argue issues not argued in the initial brief.).

■ Even if the issue of dishonesty under Rule 609(a)(2) had been argued to the trial court and in the Department's initial brief, the argument would fail. In order to preserve the issue the Department should have submitted the burglary indictment to the judge so that he could rule on the dishonesty question. *Cf. State v. Bailey,* 275 S.C. 444, 272 S.E.2d 439 (1980) (pre-Rules of Evidence case) (whether assault and battery of a high and aggravated nature is a crime of moral turpitude depends upon the facts of the case; party seeking to impeach witness using prior ABHAN conviction must produce the indictment for the trial judge's review). There was no way for the judge, nor is there a means for us, to determine the nature of the burglary without this information. *See Crestwood Golf Club, Inc. v. Potter,* 328 S.C. 201, 493 S.E.2d 826 (1997) (appellant has the burden of presenting a sufficient record for appellate review); *Greenville Memorial Auditori-*

*um v. Martin,* 301 S.C. 242, 391 S.E.2d 546 (1990) (failure to make proffer of excluded evidence precludes review on appeal).

■■ Rule 609(b) sets a time limit for the use of prior convictions for impeachment purposes. Subject to the probative/prejudicial test set forth in Rule 609(a), convictions less than ten years old are presumed admissible for impeachment purposes. *Cf. State v. Colf,* 332 S.C. 313, 504 S.E.2d 360 (Ct.App.1998), *petition for cert. filed* (convictions over ten years old are presumptively inadmissible). *See* Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.07 (Joseph M. McLaughlin ed., 2d ed. 1998).

The trial judge in this case did not exclude Hunter's burglary conviction as "too remote" under Rule 609(b). Nowhere does the judge say he is ruling under Rule 609(b), which does not refer to Rule 403. At the very beginning of the trial the judge did say he was excluding the burglary conviction because it was over ten years old and, therefore, was too remote. The Department's lawyer pointed out the conviction was not quite ten years old. Thereafter, the judge did not mention remoteness again. Furthermore, Rule 609(b) requires a ruling under this section to be "supported by specific facts and circumstances." The Department argued no specific facts, and the judge made no specific finding.

## II.  Post–Trial Motions

■■ The Department also argues the trial judge improperly denied its post-trial motions. After the jury returned a verdict of $86,627.61,[4] the Department moved for judgment notwithstanding the verdict, a new trial *nisi remittitur,* or, alternatively, a new trial absolute on the ground the evidence did not support the amount of the verdict, specifically Hunter's claim for lost wages.[5] The trial judge denied each of these motions.

---

4.  A judgment of $82,296.23 was entered based on the jury's assignment of 5% negligence to Hunter.

5.  The Department also moved for a new trial on the ground the judge erred in excluding evidence of Hunter's criminal record. As previously discussed, we find no error in the judge's exclusion of this evidence.

In ruling on a motion for judgment notwithstanding the verdict, the trial court must view the evidence and its inferences in the light most favorable to the nonmoving party. *Shupe v. Settle,* 315 S.C. 510, 515, 445 S.E.2d 651, 654 (Ct.App. 1994). The court must deny the motion if either the evidence yields more than one reasonable inference or its inferences are in doubt. *Id.* The verdict will be upheld if there is any evidence to sustain the factual findings implicit in the jury's verdict. *Id.*

In terms of actual damages, Hunter presented evidence of approximately $7,000 in medical bills. Hunter testified at the time of the accident, September 17, 1993, he was employed as an iron worker earning $8.20 per hour. In March of 1994, Hunter was released from medical treatment. However, one of Hunter's treating chiropractors, Jerry Fox, believed Hunter would still have future problems associated with his injuries. After Hunter was released from medical treatment, he looked for work in his field and for other alternatives because he was still in pain. During this time, he received approximately $126 per week in unemployment compensation. Hunter testified he could not find suitable employment until January of 1995. On cross-examination, Hunter acknowledged he did not have any records concerning his loss of income.

Initially, we note the Department did not request a special verdict form; therefore, we cannot determine how the jury reached its verdict with respect to Hunter's lost wages. In any event, we find the trial judge properly denied the Department's JNOV motion. There was sufficient evidence for the jury to find Hunter lost wages because of the injuries sustained in the accident.

A motion for new trial *nisi remittitur* asks the trial court in its discretion to reduce the verdict because it is "merely excessive," although not motivated by considerations such as passion, caprice or prejudice. *O'Neal v. Bowles,* 314 S.C. 525, 431 S.E.2d 555 (1993). If the amount of the verdict is grossly excessive so as to be the result of passion, caprice, prejudice or some other influence outside the evidence, the trial judge must grant a new trial absolute, not a new trial *nisi remittitur. Id.* However, the jury's determination of damages is entitled to substantial deference. *Rush v. Blanchard,*

310 S.C. 375, 426 S.E.2d 802 (1993). The denial of new trial motions is within the discretion of the trial court, and absent an abuse of discretion, it will not be reversed on appeal. *Cock–N–Bull Steak House, Inc. v. Generali Ins. Co.*, 321 S.C. 1, 466 S.E.2d 727 (1996). The record supports the trial judge's denial of the Department's motions for a new trial *nisi remittitur* and a new trial absolute. There was no abuse of discretion.

Accordingly, the decision of the circuit court is

**AFFIRMED.**

CURETON and STILWELL, JJ., concur.