517 S.E.2d 1

**John W. HEAPE, Respondent,**

v.

**Barbara J. HEAPE and Bobby Hudson, of whom Bobby Hudson, is the Appellant.**

**No. 2979.**

Court of Appeals of South Carolina.

Heard Feb. 10, 1999.

Decided April 26, 1999.

Rehearing Denied June 26, 1999.

Certiorari Denied Nov. 5, 1999.

William L. Runyon, Jr., of Charleston, for appellant.

L. Mendel Rivers, Jr., of Mt. Pleasant, for respondent.

PER CURIAM:

John W. Heape (Husband) brought this action against Barbara J. Heape (Wife), seeking a divorce on the ground of adultery. Husband named Bobby Hudson as Wife's paramour and joined him as a party defendant. Hudson appeals a family court order holding him jointly and severally liable for Husband's attorney's fees. We reverse.

## BACKGROUND

Husband and Wife married in 1968. Their marriage produced one child who is emancipated. In 1995 Wife and Hudson, who at that time was Wife's brother-in-law, began having an extramarital affair. After learning of the affair, Husband commenced this action.

By order dated June 13, 1997, the court granted Husband a divorce on the ground of adultery. Citing § 20–7–420(19) and (38) of the South Carolina Code, the court found Wife and Hudson jointly and severally liable for $15,000 in attorney's fees incurred by Husband.

## ANALYSIS

Hudson, who did not appeal his joinder as a party defendant, contends that the family court was without authority to find him jointly and severally liable for Husband's attorney's fees solely because he was Wife's paramour. We agree.[1]

In appeals from family court, this court may find facts according to its own view of the preponderance of the evidence. *Epperly v. Epperly*, 312 S.C. 411, 440 S.E.2d 884 (1994). Although Husband's complaint does not explicitly state what relief it seeks as to Hudson, it implies that Husband added Hudson as a party defendant for the limited purposes of a restraining order and discovery. The complaint prays for attorney's fees, but not specifically against Hudson. However, from a fair reading of the record as a whole, it is clear that Husband added Hudson as a party primarily to punish him for having sexual relations with Wife by forcing

---

1. Because we reverse on this issue, we need not reach appellant's other issue.

him to pay litigation costs which Wife apparently is unable to pay.

The legislature has conferred upon the family court extensive authority and jurisdiction in domestic matters. S.C.Code Ann. § 20–7–420 (1985 & Supp.1998). Subsection (19) of § 20–7–420 grants the family court exclusive jurisdiction

> to bring in and make parties to any proceedings pending in the court any person or persons charged with or alleged to be interfering with the marital relationship between a husband and wife, in violation of the law or of the rights of either party to the marriage, or whose presence to the proceedings may be found necessary to a complete determination of the issues therein, or the relief to which the parties thereto, or any of them, may be entitled; and shall have the power to enjoin and restrain such interference and to punish for contempt of court violations of such injunctions or restraining orders.

S.C.Code Ann. § 20–7–420(19) (1985).

In the past, subsection (19) has been construed to grant authority over third parties when property claimed to be marital was titled in a third party's name. *See Sexton v. Sexton,* 298 S.C. 359, 380 S.E.2d 832 (1989) (holding the family court has jurisdiction to join third parties when property is alleged to be marital but is owned by a third party).

The legislature has granted the family court authority to award attorney's fees, presumably against even third parties, in proper circumstances. S.C.Code Ann. §§ 20–3–120, 20–3–130(H), 20–7–420(2), (38) (1985 & Supp.1998). Section 20–7–420(38) specifically provides that the family court may

> hear and determine an action where either party in his or her complaint, answer, counterclaim, or motion for pendente lite relief prays for the allowance of suit money pendente lite and permanently. In this action the court shall allow a reasonable sum for the claim if it appears well-founded. Suit money, including attorney's fees, *may be assessed for or against a party to an action brought in or subject to the jurisdiction of the family court.* An award of temporary

attorney's fees or suit costs must not be stayed by an appeal of the award.

S.C.Code § 20–7–420(38) (Supp.1998) (emphasis added).

■■■ In construing a statute, courts must ascertain and effectuate the intent of the legislature. *McConnell v. Huff,* 320 S.C. 241, 464 S.E.2d 324 (1995); *Mitchell v. Holler,* 311 S.C. 406, 429 S.E.2d 793 (1993). A statute must, as a whole, be interpreted practically, fairly, and reasonably such that the interpretation harmonizes with the purpose, design, and policy of the lawmakers. *D.W. Flowe & Sons, Inc. v. Christopher Constr. Co.,* 326 S.C. 17, 482 S.E.2d 558 (1997). "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute." *Kiriakides v. United Artists Communications, Inc.,* 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994). "The determination of legislative intent is a matter of law." *Charleston County Parks & Recreation Comm'n v. Somers,* 319 S.C. 65, 67, 459 S.E.2d 841, 843 (1995).

■ We decline to hold that the legislature, in enacting § 20–7–420(19) and (38), intended that a third party, even though a paramour, could be held responsible for all attorney's fees in a case such as this. We are not passing upon the propriety of awarding an amount of attorney's fees determined to be directly attributable to work necessary to obtain relief from a third party. After all, a third party may be legitimately joined for limited purposes. Here, however, the primary relief which Husband requested, a divorce on the grounds of adultery, could have been obtained without joining Hudson. While we can understand Husband's anger and frustration upon learning that his brother-in-law was having an affair with his wife and his desire to punish them equally for this transgression, the family court's award of attorney's fees essentially amounts to a quasi-revival of the torts of criminal conversation and alienation of affection. We cannot condone the resurrection of these "heart balm" actions, both of which have been abolished in this state. *See* S.C.Code Ann. § 15–3–150 (Supp.1998); *Russo v. Sutton,* 310 S.C. 200, 422 S.E.2d 750 (1992).

For the foregoing reasons, the decision of the family court is **REVERSED.**

HEARN, HUFF and STILWELL, JJ., concur.