649 S.E.2d 28

The NEW YORK TIMES CO., d/b/a The Spartanburg
Herald–Journal, and Bob Dalton, Respondents,

v.

SPARTANBURG COUNTY SCHOOL
DISTRICT NO. 7, Appellant.

No. 26358.

Supreme Court of South Carolina.

Heard June 20, 2007.
Decided July 16, 2007.

Kenneth E. Darr and Carlos C. Johnson, both of Lyles, Darr & Clark, of Spartanburg, for Appellant.

Jay Bender, of Baker, Ravenel & Bender, of Columbia, for Respondents.

Justice PLEICONES.

This is an appeal from an order granting injunctive relief and attorney's fees under the Freedom of Information Act ("FOIA") to plaintiffs New York Times Co., d/b/a The Spartanburg Herald–Journal, and Bob Dalton, city editor for the paper (collectively, "respondents"). We affirm.

## FACTS

In 2003, while Spartanburg County School District No. 7 ("appellant") was searching for a school superintendent, respondents transmitted a FOIA request seeking material relative to appellant's search. Specifically, respondents requested, "[A]ccess to all materials gathered by the Spartanburg School District No. 7 Trustees regardless of form, relating to not fewer than the final three applicants considered for the District No. 7 superintendent's position." [1]

Appellant described its superintendent selection process as beginning with a group of approximately thirty applicants. That group was narrowed to five "semi-finalists," out of which two "finalists" were selected. The district had assured the

---

1. Respondents' request tracked the language found in S.C.Code Ann. § 30–4–40(a)(13) (Supp.2007).

five semi-finalists that only the identities of the finalists would be revealed. As a result, appellant only offered to make available material relating to the two individuals considered to be "finalists."

Respondents filed a complaint shortly thereafter, seeking a declaratory judgment that appellant violated S.C.Code Ann. § 30–4–40(a)(13) and injunctive relief restraining the district from withholding further information related to the superintendent search.

After a non-jury trial, the circuit court found that appellant had violated § 30–4–40(a)(13), ordered the disclosure of additional information, and awarded attorney's fees and costs to respondents.

## ISSUES

1. Did appellant violate § 30–4–40(a)(13) by disclosing information relating to only the two applicants it deemed to be the final applicants?

2. Did the circuit court err by awarding attorney's fees and costs to respondents, where appellant acted in good faith based on its reasonable understanding of the statute?

## ANALYSIS

In a case raising a novel question regarding the interpretation of a statute, the appellate court is free to decide the question with no particular deference to the lower court. *Sloan v. South Carolina Bd. of Physical Therapy Examiners*, 370 S.C. 452, 466, 636 S.E.2d 598, 605 (2006). We cannot construe a statute without regard to its plain and ordinary meaning, and this Court may not resort to subtle or forced construction in an attempt to limit or expand a statute's scope. *City of Columbia v. Am. Civ. Liberties Union of South Carolina, Inc.*, 323 S.C. 384, 388, 475 S.E.2d 747, 749 (1996).

In interpreting a statute, our primary purpose is to ascertain the intent of the legislature. *Beattie v. Aiken County Dept. of Soc. Serv.*, 319 S.C. 449, 452, 462 S.E.2d 276, 278 (1995). "A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers." *Id.* (citing *Brown-*

*ing v. Hartvigsen,* 307 S.C. 122, 125, 414 S.E.2d 115, 117 (1992)).

■ FOIA is remedial in nature and should be liberally construed to carry out the purpose mandated by the legislature. *Quality Towing, Inc. v. City of Myrtle Beach,* 345 S.C. 156, 161, 547 S.E.2d 862, 864–865 (2001). FOIA must be construed so as to make it possible for citizens to learn and report fully the activities of public officials. S.C.Code Ann. § 30–4–15 (Supp.2007).

S.C.Code Ann. § 30–4–40(a)(13), which exempts from mandatory disclosure certain material gathered in the search to fill a public employment position, provides:

(a) A public body may but is not required to exempt from disclosure the following information:

. . . .

(13) All materials, regardless of form, gathered by a public body during a search to fill an employment position, **except that materials relating to not fewer than the final three applicants under consideration for a position must be made available for public inspection and copying.**

S.C.Code Ann. § 30–4–40(a)(13) (emphasis added). The circuit court determined that this provision required disclosure of material relating to applicants in the pool from which the employment selection was made, provided that pool contained not fewer than three people.

Appellant contends that § 30–4–40(a)(13) only mandates disclosure of those applicants deemed by the public body to be the "final" applicants, even if that number is fewer than three. We disagree.

■ The statutory language requiring disclosure of materials relating to "not fewer than the final three applicants" requires the public body to disclose the final pool of applicants comprised of at least three people. We do not agree with appellant that only those applicants deemed by the agency to be "finalists" are subject to disclosure. According to the plain language of the statute, disclosure is limited to the final pool consisting of not fewer than three applicants.

■ Application of the statute in this case requires that disclosure be limited to the final group numbering more than two i.e., the five semi-finalists, not the entire group of thirty applicants. The term "final" in § 30-4-40(a)(13) refers to the last group of applicants, with at least three members, from which the employment selection is made.

Appellant also argues that § 30-4-40(a)(13), as interpreted by the circuit court, has the absurd effect of forcing public employers to name three finalists even though there may only be two qualified candidates. We disagree.

■ The fact that a public employer has to disclose information regarding an employment search does not in any way force the employer to officially name three finalists. The statute simply requires a public employer to disclose material relating to a larger group of applicants if it chooses to name one or two "finalists." Construing § 30-4-40(a)(13) as urged by appellant would allow public employers to avoid disclosure by naming only one or two "finalists." We will reject a statutory interpretation that leads to a result so plainly absurd that it could not have been intended by the legislature or would defeat the plain legislative intention. *Kiriakides v. United Artist Commun., Inc.,* 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994). Our interpretation of § 30-4-40(a)(13) comports with the plain language of the statute and promotes the purpose of FOIA.

■ Appellant also argues that the circuit court abused its discretion by awarding attorney's fees and costs to respondents. We disagree.

South Carolina Code Ann. § 30-4-100(b) (Supp.2007) allows for an award of attorney's fees where the party seeking relief prevails in whole or in part. After the circuit court granted relief to respondents, it directed respondents to submit material in support of their claim for attorney's fees and costs. Appellant does not challenge the amount of the award nor the material submitted in support of the award.

■ Appellant contends that if the Court finds it violated § 30-4-40(a)(13), attorney's fees are not proper because appellant acted in good faith based on its reasonable understanding of that section. We previously rejected the same argument in

*Socy. of Prof. Journalists v. Sexton,* 283 S.C. 563, 324 S.E.2d 313 (1984). No good faith exception exists for an award of attorney's fees under FOIA. Accordingly, the circuit court did not abuse its discretion in awarding attorney's fees and costs to respondents pursuant to § 30–4–100(b).

## CONCLUSION

We hold that appellant violated FOIA by not disclosing material relating to the applicants in the group of five. Furthermore, the circuit court did not abuse its discretion by awarding attorney's fees to respondents. The circuit court's order is

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.