**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shawn Bethea, Appellant,

v.

South Carolina Law Enforcement Division, Respondent.

Appellate Case No. 2017-000270

———————

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

———————

Unpublished Opinion No. 2018-UP-314
Submitted May 1, 2018 – Filed July 11, 2018

———————

**AFFIRMED**

———————

Thurmond Brooker, of Brooker Law Firm, of Florence,
for Appellant.

Adam L. Whitsett, of the South Carolina Law
Enforcement Division, of Columbia, for Respondent.

———————

**PER CURIAM:** In this appeal from a contested case hearing, Shawn Bethea appeals the order of the Administrative Law Court (ALC) affirming the South Carolina Law Enforcement Division's (SLED's) denial of his application for a concealed weapon permit. On appeal, Bethea argues the ALC erred by finding he

failed to satisfy the requirements for a concealed weapon permit due to his prior conviction for criminal domestic violence because he is not prohibited from possessing a firearm under (1) federal law or (2) state law. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether Bethea's 1993 conviction disqualifies him from possessing a firearm under 18 U.S.C. § 922(g)(9) when the conviction is excluded from the definition of a misdemeanor crime of domestic violence under 18 U.S.C. § 921(a)(33)(B)(i): *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved."); *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339, 611 S.E.2d 485, 487-88 (2005) (explaining an appellant has "the burden of providing a sufficient record" for review).

2. As to whether the denial of the concealed weapon permit was proper under state law: S.C. Code Ann. § 1-23-610(B) (Supp. 2017) (providing that, on review of an ALC decision, this court is "confined to the record," and may affirm, remand, reverse, or modify the ALC's decision); *Duke Energy Corp. v. S.C. Dep't of Revenue*, 415 S.C. 351, 355, 782 S.E.2d 590, 592 (2016) ("Questions of statutory interpretation are questions of law, which this [c]ourt is free to decide without any deference to the [ALC]."); S.C. Code Ann. § 23-31-215(A) (2007) ("Notwithstanding any other provision of law, except subject to subsection (B), SLED must issue a [concealed weapon] permit . . . to a resident . . . who is at least twenty-one years of age and who is not prohibited by state law from possessing the weapon . . . ."); S.C. Code Ann. § 23-31-215(B) (2007) (requiring SLED to conduct a federal fingerprint review and a background check and providing that "[i]f the fingerprint review and background check are *favorable*," SLED must issue the permit) (emphasis added); *State v. Sweat*, 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010) ("A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers." (quoting *Browning v. Hartvigsen*, 307 S.C. 122, 125, 414 S.E.2d 115, 117 (1992))); *id.* at 351, 688 S.E.2d at 575 ("Courts will reject a statutory interpretation [that] would lead to a result so plainly absurd that it could not have been intended by the Legislature or would defeat the plain legislative intention.").

**AFFIRMED.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**SHORT, THOMAS, and HILL, JJ., concur.**