594 S.E.2d 275

**Kevin COWAN and Jimmy Blanding, Petitioners,**

v.

**ALLSTATE INSURANCE COMPANY, Respondent.**

**No. 25791.**

Supreme Court of South Carolina.

Heard Jan. 7, 2004.

Decided March 15, 2004.

Samuel Darryl Harms, of Harms Law Firm, PA, of Greenville, for Petitioners.

Robert D. Moseley, Jr., and Paul E. Hammack, both of Leatherwood, Walker, Todd & Mann, of Greenville, for Respondent.

Alford Haselden, of Haselden, Owen & Boloyan, of Clover, and John S. Nichols, of Bluestein & Nichols, LLC, of Columbia, for Amicus Curiae S.C. Trial Lawyers Association.

C. Mitchell Brown, of Nelson, Mullins, Riley & Scarborough, of Columbia, for Amicus Curiae S.C. Defense Trial Attorney's Association.

Justice PLEICONES:

In 1993, the Court of Appeals held that an insured's violation of a cooperation clause in his insurance policy did not void the policy as to an innocent third party, to the extent the policy provided statutory minimum limits coverage. *Shores v. Weaver*, 315 S.C. 347, 433 S.E.2d 913 (Ct.App.1993) *cert. denied* March 18, 1994. In 1997, the legislature amended many of the automobile insurance statutes, and adopted § 38–77–142, effective March 1, 1999.

We granted certiorari to consider a Court of Appeals' decision holding that § 38–77–142(B) (2002) modified the holding in *Shores.* *Cowan v. Allstate Ins. Co.,* 351 S.C. 626, 571 S.E.2d 715 (Ct.App.2002). We reverse.

## FACTS

Respondent (Allstate) issued an automobile liability policy to Griffis. Griffis permitted Johnson to drive the car.[1] While Johnson was operating Griffis' car, she was involved in an accident with petitioners. Petitioners sued Johnson, who failed to answer. Johnson was subsequently held in default.

The summons and complaint in the Johnson suit were filed October 13, 1999, and served on Johnson on December 13, 1999. On October 22, 1999, petitioners' law firm notified Allstate that it represented petitioners with regard to the Johnson accident; on November 11, 1999, Allstate acknowledged receipt of the representation letter and informed petitioners' firm which adjusters were handling the file. The October letter to Allstate did not mention that a summons and complaint had been filed but not yet served. In fact, the pleadings were not served on Johnson until more than a month after Allstate's response to the letter of representation.

In April 2000, petitioners moved for a default judgment in the Johnson suit, and a default order was filed in May 2000. In June 2000, petitioners' attorney notified Johnson of the damages hearing scheduled for July 5, 2000. Following that hearing, a default judgment was filed July 11, 2000. Allstate's first notice of the Johnson suit and judgment was a letter from petitioners' attorney requesting payment of the judgment. That letter is dated August 11, 2000. Allstate refused to pay.

Petitioners then brought this declaratory judgment action seeking an order declaring that Allstate was liable for the judgment.[2] Allstate denied liability, citing § 38–77–142(B), contending that Johnson's failure to give it notice of the filing of the suit, of the default motion, and of the damages hearing

---

1. As a permissive user, Johnson was an 'insured' under Griffis' Allstate policy.

2. The judgment awarded petitioner Cowan $9,600, and petitioner Blanding $4,500.

relieved it of responsibility for the judgment under this statute.

Petitioners and Allstate filed cross-motions for summary judgment in the declaratory judgment action. The trial court granted Allstate's motion, finding it had no obligation to pay the Johnson judgment in light of § 38–77–142(B), which it held modified *Shores v. Weaver*. Petitioners appealed, and the Court of Appeals affirmed.

## ISSUE

Does § 38–77–142(B) relieve an insurance company of its obligation under *Shores v. Weaver* to pay a judgment up to the minimum limits where its insured failed to notify the company of the suit and/or motion for judgment?

## ANALYSIS

In *Shores v. Weaver*, the Court of Appeals held that "a liability insurance policy required by statute before one can register a motor vehicle may not be defeated or voided after a loss by the insured's failure to forward to the insurer the pleadings in an action brought against the insured by a third party victim of the insured's negligence." *Id.* at 351, 433 S.E.2d at 915. The Court held that since South Carolina was a mandatory insurance state, public policy required that an insured's failure to cooperate not void mandatory minimum coverage for an innocent third party.

Approximately four years later, the General Assembly enacted § 38–77–142, effective March 1, 1999. This statute, entitled "Policies or contracts of bodily injury or property damage liability insurance covering liability; required provisions" includes the following sentence:

> If an insurer has actual notice of a motion for judgment or complaint having been served on an insured, the mere failure of the insured to turn the motion or complaint over to the insurer may not be a defense to the insurer, nor void the endorsement or provision, nor in any way relieve the insurer of its obligations to the insured, provided the insured otherwise cooperates and in no way prejudices the insurer.

§ 38–77–142(B).

■ The Court ·of Appeals held that while this statutory language addressed only the situation where the insurance company has actual knowledge of the suit, it clearly implied that where neither the insured nor the innocent third party gave notice to the company, a cooperation clause was enforceable against that third party. *Cowan v. Allstate Ins. Co., supra.* The Court found that in enacting this statute, the legislature balanced the rights of the innocent third party against those of the uninformed insurance company, and created an incentive for the third party to inform the insurer of the suit, and to keep it informed of the suit's status. *Id.*

We disagree with the Court of Appeals' interpretation of § 38–77–142(B). In plain and ordinary terms, this sentence in § 38–77–142(B) governs only the relationship between an insurer and its insured. It provides that despite an insured's failure to comply with a cooperation clause requiring him to forward pleadings, the insurer must honor all its obligations under the policy if it has actual notice of those pleadings. The sentence also provides that if the insured fails to cooperate in other ways to the prejudice of the insurance company, those acts may relieve the company "of its obligation to the **insured.**" (emphasis supplied).

Our construction of the sentence involves only the two entities named in it: the insured and the insurer. The trial court and the Court of Appeals exceeded the bounds of statutory construction when they inverted the statute and interpolated the term 'third party' into it. Further, by its terms, the statute is intended to deal with an insured's "mere failure ... to turn the motion or complaint over to the insurer...." By providing that actual notice is sufficient, the statute effects a "common sense" resolution where, for example, an insured notifies its insurer by phone, but neglects to forward the pleadings.

## CONCLUSION

We hold that § 38–77–142(B) does not impact the holding in *Shores v. Weaver, supra.* We reverse the Court of Appeals' decision affirming the trial court order granting Allstate summary judgment on that basis. Further, we reject the sugges-

tion made in the Court of Appeals' opinion that petitioners' attorney acted unethically. We find no suggestion of unethical conduct in this record.

REVERSED.

TOAL, C.J., WALLER and BURNETT, JJ., and Acting Justice THOMAS L. HUGHSTON, JR., concur.